## C. COOK *v.* JAMES R. BARNES, ADMINISTRATOR OF WOOD.

*Usurious Claim—Valid Claim—Same Bond—Valid Claim not void.*

Where a valid claim has been included in a bond which also covers a usurious one, the bond being held to be void because of the usurious claim it covers, the party may recover upon the original valid claim, which was not extinguished by being covered by a void bond.

BOCKES, J.—A judgment was rendered in this action against Lewis Wood for $5,773.33, and costs, on a verdict of a jury, which judgment was affirmed on appeal to the General Term in the Seventh District.

Since the judgment of affirmance, the original Defendant, Wood, died, and the action has been revived by the substitution of the present Defendant, his administrator.

The complaint contained three counts. The first was on a bond conditioned for the payment of $12,000 and interest, whereon it was averred that $8,000 of principal remained due and unpaid; the second was on a written contract for the sale of lands, made between one David Shaw and the Defendant Wood, and assigned by Shaw to the Plaintiff, on which it was claimed that a balance of $5,000 and interest remained due; and the third count was in general terms for lands bargained and sold by the Plaintiff to the Defendant.

The defence was usury. It is unnecessary here to state the particulars of the alleged usurious contract further than this, that the Defendant Wood averred and claimed that the contract for the purchase of the land alluded to in the complaint, was in furtherance of a corrupt usurious agreement between himself and the Plaintiff, and that the bond mentioned was given in pursuance of such contract, and therefore both contract and bond were void for usury.

On the trial the Defendant gave evidence tending to prove his defence, and also to prove that he had, in fact, paid $7,000 to the Plaintiff and his assignor, in part performance of the alleged usurious transaction.

The Plaintiff also gave evidence showing that his right to the balance on the land contract for $12,000 came to him by assignment, or transfer, from Shaw; and the evidence put in by him tended to prove that the purchase by Wood from Shaw was disconnected from the usurious agreement which tainted the bond.

The case being submitted to the jury on the evidence, they found that the bond was usurious and void, but they found in favor of the Plaintiff for the balance of $5,000 and interest remaining unpaid on the purchase from Shaw, the right to which had been transferred to the Plaintiff. The evidence authorized the jury to find, as they did, that, as between Shaw and Wood, there was no usury; and that the latter was under legal liability to the former to pay him $12,000 for the lands which, it was agreed, should be conveyed, and which were afterward conveyed to Wood. The debt was reduced by payments to Shaw to $9,000, when it was transferred to the Plaintiff, who thereafter occupied the position of Shaw in regard to it. Admit that the transactions between the Plaintiff and Wood were usurious and void, and that the Plaintiff, who had succeeded to Shaw's rights, was entitled to recover the purchase price of the land sold and conveyed to the Defendant, deducting therefrom such sums as Wood had paid, or was entitled to have applied by way of set-off. In this view the recovery was right for the sum for which the verdict was rendered. The Plaintiff recovered no more than his assignor, Shaw, could have recovered had he been Plaintiff; and as against him there was no evidence whatever of any corrupt agreement. This claim was not extinguished by the subsequent illegal transaction between the Plaintiff and Wood, for, notwithstanding it was embraced in the subsequent security, yet such latter security, on the claim of the Defendant, was held illegal and void, and as a consequence the Plaintiff was restored to his rights under the original contract (5 Wend. 595; 13 Wend. 505), which in fact had been fully performed, except by the payment of the balance of the purchase price.

The judgment should be affirmed, with costs.

All concurred.

Affirmed. JOEL TIFFANY, State Reporter.