## TIFFT *vs.* MOOR.

The fact that a witness has been a convict cannot be shown by his own testimony, even on cross-examination, for the purpose of impeachment.

Where, in an action upon a promissory note, given in renewal of a former valid note, the defense of usury is set up, it is not erroneous for the judge to charge the jury that in case they find a *bonus* was added, on giving the new note, over and above the amount due on the old one surrendered, they should still find a verdict for the plaintiff for the amount which is due on the old note.

Although a charge to the jury is erroneous, yet it will not authorize a reversal of the judgment, if it can by no possibility have prejudiced the unsuccessful party.

If the error be one which did not, and could not, affect the judgment, it is no cause for reversal.

The objection that no such cause of action as that upon which the recovery was had is stated in the complaint, if not taken at the trial, is not available on appeal, even though material.

APPEAL by the defendant from a judgment entered in in favor of the plaintiff, upon the verdict of a jury. The material facts are stated in the opinion of the court.

*A. M. Spooner*, for the appellant.

I. The first exception is to the ruling of the judge excluding evidence to show that the plaintiff (who was examined as a witness) had been a convict. The question put and ruled out was on cross-examination of the plaintiff, with a view to discredit, not disqualify him; and on that ground was relevant. If the witness had been permitted to answer, and had answered that he was confined in prison as a convict, the effect would have been to discredit him, but not to exclude his testimony, and not within the rule requiring the record of conviction to be produced.

II. The other exceptions were as follows : To the ruling that in any event the plaintiff was entitled to recover the amount unpaid upon the original note, and the question whether he was entitled to recover the full amount of the

note in suit, depended upon whether an agreement was made between the parties that a bonus should be paid by the defendant to the plaintiff, for forbearance for the amount unpaid; to the ruling and charge, that if the jury found the note in suit to be usurious, the plaintiff had the right to recover on the original note the amount due thereon, on canceling the note in suit; to the refusal to charge the jury that if the note in suit was by them found to be usurious the plaintiff could not recover.

Going back to the complaint, we find two counts or causes of action only. One for the sale of a span of horses, and the other on a promissory note, to which the defense of usury was interposed. There was no attempt to prove a sale of the horses. The whole proof, on both sides, was pointed at the note set forth in the complaint. Usury was proved and disproved, and yet the judge charged the jury that the plaintiff was entitled to recover some amount, if the note was usurious; that the old note, to take up which the one in suit was given, was a valid note in his hands before the new one was made. If this charge is sustained, a party may declare on one note and recover on another, differing in amount, in date, in the time of payment, and the party to whom payable, even without proving it. To tell the jury they may find a verdict for a cause of action not alleged, is a violation of the rule that a party must recover according to the allegations in his complaint. Had the plaintiff counted upon the note given for the horses, as well as the usurious note, the charge would have been unexceptionable. Facts proved but not pleaded are never available to the party proving them, when the objection is properly taken. (*Field* v. *The Mayor of New York*, 2 *Seld.* 179.) Following the charge and giving a verdict on the note not declared on, to wit, the original note, would be a failure of proof, or verdict without proof. (*Walter* v. *Bennett*, 16 *N. Y.* 250.) If the proofs do not agree with the pleadings, it is a failure of proof, although the facts

Tifft *v.* Moor.

proved may themselves constitute a cause of action. (*Gasper* v. *Adams,* 28 *Barb.* 441.) The cases allowing the plaintiff to fall back upon the original consideration, when the defense of usury is pleaded, are cases where the plaintiff either declared on the original consideration or on the common money counts, under which a promissory note could be given in evidence. I find no case where a party has been allowed to go back to the original consideration, without having counted on it; and especially he cannot, under the Code, where facts alone are to be pleaded. In this case there is a wide difference as to what was the original consideration. The plaintiff swears it was a note for the payment of $290, payable all at one time, and in one year, and that the defendant tore off his name and threw the note away. The defendant swears it was a note for the payment of $280, one half payable in six months, and the balance in a year, and that it was then in court, which leaves the case in great doubt as to what the original consideration was. And besides, no action would lie on the canceled note, but only for the consideration— the horses—and they were not sold by the plaintiff to the defendant.

III. The court instructed the jury they could find a verdict for the amount of the substituted note, if they found it free from usury; but in case it was usurious, then they could find a verdict for the amount of the original note. If either of these propositions was wrong, the verdict cannot be sustained. We claim it was error to tell the jury they could find a verdict founded on the original note; because it was not declared on, and had been canceled. It is a sound rule, that when a judge tells the jury they may find a verdict upon either of two distinct grounds, and the charge as to either is wrong, a general verdict cannot be sustained. (*Sayre* v. *Townsend,* 15 *Wend.* 647.)

IV. The defendant requested the court to charge that if the note in suit was usurious, then the plaintiff could

not recover, which was refused. The court should have so charged.

V. It is not for the plaintiff to say the defendant was not prejudiced by the charge, because the jury found a verdict on the substituted note. If there was error, the defendant is entitled to a new trial. If it is possible that the jury could have been influenced by an erroneous charge, it is for the plaintiff, not the defendant, to show that the error could not have influenced the verdict. (*Greene* v. *White*, 37 *N. Y.* 405. *Green* v. *Hudson River R. R.* 32 *Barb.* 25–29.) It is easy to see how the jury could have been influenced by the charge. The counsel and jury could see that under this charge the plaintiff must have a verdict, and all the difference it could make with the defendant,' which ever way the jury found, would be $14.54, out of a litigation (including costs) involving $500. No jury or counsel could give the case that attention they would if it turned wholly upon the question of usury or no usury. Some jurymen would be quite apt to yield this trifling amount against their convictions, when they saw that all the difference it could make with the defendant would be whether he paid $203.17 and costs, or $217.71, and costs.

VI. When, as in this case, there is a total failure of proof under one alternative of the charge, the court cannot grant leave to amend so as to retain the verdict. The least the court could do would be, on ordering a new trial, to give the plaintiff leave to amend on payment of all costs subsequent to service of the summons. (*Cottrell* v. *Conklin*, 4 *Duer*, 45.)

*Butler & Parkhill*, for the respondent.

I. The offer to show the witness, Harvey B. Tifft, upon his cross-examination, to have been a convict, was properly overruled by the court. 1. This was equivalent to an offer to prove orally that the witness had been con-

victed of a specific crime, the word convict, by fair legal construction, implying a person found guilty of a crime, either by the verdict of a jury, or other legal decision. The evidence offered was, therefore, clearly inadmissible. (*Newcomb* v. *Griswold*, 24 *N. Y.* 298.) 2. The offer of the counsel clearly involved the fact of a previous conviction of a crime, and was, therefore, improper, because there was higher and better evidence, which ought to have been offered. (1 *Greenl. Ev.* § 457.) 3. The witness had already answered that he had lived in Auburn. The extent of a cross-examination of this kind is in the discretion of the court, and in this case that discretion was properly exercised. (*Real* v. *The People*, 42 *N. Y.* 270. *La Beau* v. *The People*, 34 *id.* 223.) 4. The exclusion of the evidence could not have worked any prejudice to the defendant, for it already distinctly appeared in evidence that the witness had been confined in the state prison at Auburn. The witness Tifft had also previously testified, without objection, that he had been confined in the county jail. (*La Beau* v. *The People*, 34 *N. Y.* 223. *Hayden* v. *Palmer*, 2 *Hill*, 205, *and cases cited.*) 5. The case of *Real* v. *The People* is clearly distinguishable from this, so far as it relates to this question. In that case the question was, "Have you ever been in the penitentiary?" It was simply an inquiry as to whether and how long the witness had been in the penitentiary, and did not involve the fact of the conviction of the witness for a crime. The court makes this distinction in this case. (*Real* v. *The People*, 42 *N. Y.* 270.) 6. The court, in this case, having asked the counsel the object of the question, and the answer implying, to the satisfaction of the court, that the object was to prove that the witness had been convicted of a crime, no broader ground of objection than that given was necessary.

II. The ruling of the court, that in any event the plaintiff was entitled to recover the amount unpaid upon the original note, and the question whether he was entitled

to recover the full amount of the note in suit, depended upon whether an agreement was made between the parties that a bonus should be paid by the defendant to the plaintiff, for forbearance for the amount unpaid, was correct. 1. The complaint contains two counts; one claiming a balance of $186, due the plaintiff for a span of horses sold and delivered to the defendant; the other upon a promissory note given to secure the payment of the said purchase money for said horses. The answer, after alleging a denial, sets up the defense of usury to the promissory note. The evidence upon the trial sustains the complaint, showing a sale of the horses to the defendant by Wetmore, as agent of the plaintiff, the giving of a promissory note for the purchase price, and the renewal of that note by executing to the plaintiff the one in suit for the balance of $186 due thereon. 2. Exacting a premium on the renewal of a note, beyond the amount due, with legal interest, renders the new security usurious and void, but does not destroy or extinguish the antecedent debt. (*Edw. on Bills,* 354. *Swartwout* v. *Payne,* 19 *John.* 294. *Winsted Bank* v. *Webb,* 39 *N. Y.* 325.) 3. This action having been brought, as well for the original debt as upon the renewal note, if the note was void for usury, the plaintiff was still entitled to recover upon the original consideration or debt. The taking of usury, or including it in a new note, by way of the renewal of another valid note, free from such taint, does not prevent a recovery of the sum actually due upon the valid note, although the original note was surrendered when the new note was given. (*Winsted Bank* v. *Webb,* 39 *N. Y.* 325. *Farmers and Mechanics' Bank* v. *Joslyn,* 37 *id.* 353. *Cook* v. *Barnes,* 36 *id.* 520.)

III. The charge of the court, that if the jury found the note in suit to be usurious, the plaintiff might still recover the balance due on the original note, it being a valid note in his hands before the note was made, was equally cor-

rect. 1. The antecedent debt, and the original note given to secure the same, was a good and subsisting obligation in the hands of the plaintiff at the time of the giving of the renewal note, and was in nowise canceled thereby. (*Cook* v. *Barnes*, 36 *N. Y.* 520. *Winsted Bank* v. *Webb*, 39 *id.* 325. *Farmers and Mechanics' Bank* v. *Joslyn*, 37 *id.* 353, *and cases cited.*) 2. No objection was made that the complaint did not contain sufficient allegations to entitle the plaintiff to recover upon the original note. The court will not allow an appellant to raise, upon the appeal, for the first time, an objection to an assumption by the court below of a doubtful fact, when he took no objection below to such assumption, but only to conclusions of law based thereon. (8 *N. Y.* 67. 12 *id.* 486. 10 *Bosw.* 38. *Oatman* v. *Taylor*, 29 *N. Y.* 649.) 3. But, *prima facie*, the new or renewal note was the instrument by force of which the plaintiff was entitled to recover, but it was not alone by force of that note that such right of recovery existed. The primary consideration of the indebtedness, of which that note was evidence, had not been satisfied. The original evidence of the debt had been surrendered and another note substituted, but the consideration of the latter was simply the indebtedness which formed a complete ground of indebtedness before it was given. And if, upon the whole transaction stated in the complaint, or shown by the evidence, it is clear that the plaintiff is entitled to have of the defendant a sum of money specified, there is a cause of action, and the plaintiff is entitled to recover. (*Cook* v. *Barnes*, 36 *N. Y.* 520. *Winsted Bank* v. *Webb*, 39 *id.* 325.) 4. The defendant was not in any way prejudiced by the charge of the court, for the reason that the jury, as matter of fact, by their verdict found that the new or renewal note was not tainted with usury, but was a valid note, and the verdict rendered was for the amount thereof, and not for the amount due on the original note. It is therefore perfectly plain that the defendant was not injured by the

charge of the court, and the record shows this quite conclusively. The amount due on the new note was $217.71. The amount due on the original note was $203.17. The jury found a verdict for $217.71, the amount due on the new note.

Where an erroneous charge is made by the court, if it appear by the plaintiff's own showing, or by the record, that the error did not affect the defendant, it is not cause for reversing the judgment on appeal. (*Hayden* v. *Palmer*, 2 *Hill*, 205. *People* v. *Wiley*, 3 *id.* 194. *Greene* v. *White*, 37 *N. Y.* 405. 21 *Wend.* 354.)

IV. The court was right in refusing to charge, as requested by the defendant's counsel, for the reasons stated above.

*By the Court*, JOHNSON, J. The action is upon a promissory note given by the defendant to the plaintiff. Defense, usury. Two questions only are made by the appellant's counsel: 1st. On an exception to a ruling excluding evidence on the cross-examination of the plaintiff as a witness; and, 2d. On an exception to the charge of the judge to the jury. On the trial the plaintiff was a witness on his own behalf, in reply to the defendant's defense. On his cross-examination by the defendant's counsel, he was inquired of in regard to his having before that time lived in Auburn, and his occupation while there. On being inquired of as to the object of this examination, the defendant's counsel avowed that it was to show the witness to have been a convict.

The plaintiff's counsel objected to the evidence, and it was excluded, and exception taken. The ruling was correct. The fact of the conviction could not be shown in this way, even on cross-examination, for the purpose of impeachment. The rule is well settled. (1 *Greenl. Ev.* § 457. *Newcomb* v. *Griswold*, 24 *N. Y.* 298.)

Tifft *v.* Moor.

The note in suit was given to take up a former note of the defendant's, which was admitted to have been a valid note. The usury, as the defendant alleged and testified, was in adding ten or twelve dollars, by way of bonus, over and above the amount actually due on the former note, for extending the time of payment one year, which the new note had to run. On this question of usury there was much conflict of evidence. The judge submitted the question of usury to the jury upon the evidence, and instructed them that in case they should find there was no usury in the note, their verdict should be for the plaintiff, for the full amount thereof, principal and interest. He also charged the jury that in case they should find that a bonus had been added, over and above the amount due on the old note surrendered, they should still find a verdict for the amount which would be due on the old note. To this charge and ruling the defendant's counsel excepted.

The jury rendered a verdict for the plaintiff for the full amount of the note in suit, finding, on the question of usury, against the defendant. If the charge had been erroneous in this particular, it would not authorize a reversal of the judgment, as it could by no possibility have prejudiced the defendant. The jury found against him on the issue of usury, and the other question was thereby rendered wholly immaterial. The error, if it was one, did not and could not affect the judgment, and is no cause for reversal. But the charge was correct as a legal proposition. (*Cook* v. *Barnes*, 36 *N. Y.* 520. *Winsted Bank* v. *Webb*, 39 *id.* 325. *Farmers and Mechanics' Bank* v. *Joslyn*, 37 *id.* 353.)

The objection now raised is, that no such cause of action was stated in the complaint. This objection was not taken or raised at the trial, and would not be available here had the question been material. Had it been taken there, it might have been obviated by an amendment on terms, or

otherwise. But as the question was immaterial, in the view the jury took of the case, it is of no consequence on the appeal.

Judgment affirmed.

.[Fourth Department, General Term, at Buffalo, June 5, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]