JOHN HANSEE, Respondent, *v.* WILLIAM PHINNEY AND EDWARD PHINNEY, Appellants.

*Action on a usurious note — plaintiff cannot prove or recover upon the original debt, unless he sets it up in his pleadings — A usurer cannot set up usury to his own advantage.*

In this action, brought upon a promissory note, the defences were that the note was void for usury, and also that it had been superseded by reason of its being included in a new note given by the defendant to the plaintiff, which was still outstanding. The jury having found a verdict in favor of the defendant the plaintiff moved to set it aside, claiming that even if the note was void for usury he was entitled to recover upon the original valid indebtedness for which it was given, and that as the renewal note was usurious and void the fact that it was outstanding was no defence to the action.

*Held,* that the action having been brought upon the note the plaintiff could not recover upon the original valid debt without setting the same forth and claiming to recover thereon in his pleadings.

That the plaintiff could not allege that the renewal note was usurious, and therefore constituted no bar to the action, as he being the usurer could not set up his own turpitude to his advantage.

APPEAL from an order of the County Court of Sullivan county granting a motion for a new trial, made upon the minutes of the court.

The action was commenced in a justice's court upon a promissory note for $87.26, made by the defendant. The defences were that the note was void for usury, and that it was included in a second note given by the defendant, which was then outstanding.

The plaintiff recovered a judgment in the justice's court from which the defendants appealed to the county court, where a new trial was had and a verdict rendered for the defendants.

*George H. Carpenter,* for the appellants.

*James L. Stewart,* for the respondent.

*Per Curiam :*

There were two issues of fact in this case, and as to both the evidence was in sharp conflict. If effect be given to the proof submitted on the part of the defendant, the note in suit was (1) void

for usury, and (2) canceled by renewal, or rather superseded by being incorporated into another note given by the defendants to the plaintiff, which latter note remained outstanding. On the other hand, if effect should be given to the plaintiff's proof, both defences were completely answered. Thus the case was a very proper one for determination by a jury ; and inasmuch as it cannot be shown that the conclusion is wrong, without rejecting the proof in its support, the verdict should not be disturbed.

It is insisted, however, first, that even admitting that the note in suit was usurious and void, still the recovery should have been allowed on the original untainted and valid indebtedness ; and as to the second defence, that the note given in renewal being also void for usury would not defeat the action. But neither of these points was raised on the trial, hence they cannot be now urged on the appeal. Notwithstanding this difficulty, let us examine the case in another view. The issues were, in fact, made upon the right of recovery upon the note of March 24, 1877. On this note, and on this only, the plaintiff counted in his complaint. So long as the pleading remained unchanged he could not recover on any other or different cause of action. A resort to the original indebtedness as a ground of action would necessitate a change in the pleading. This was not asked for at the trial, if indeed it could have been permitted, the issues having been formed in a justices' court. The plaintiff's counsel refers us to cases where recoveries have been allowed for original indebtedness, notwithstanding notes had been given therefor ; but in all these cases the original indebtedness was brought into the pleading as a ground of recovery. In the case of *The Winsted Bank* v. *Webb* (39 N. Y., 325), the plaintiff counted on the original notes as well as on those given in renewal, claiming, however, to recover the original indebtedness with interest. In the *Farmers and Mechanics' Bank* v. *Joslyn* (37 N. Y., 353), which was a case in equity, issues were settled for trial, and they were so settled as to bring into the record the original indebtedness as the basis of the claim sought to be enforced. This was equivalent to counting upon the original indebtedness. In *Tifft* v. *Moor* (59 Barb., 619), the case was tried without objection as if the action had been based on the original note, making it to stand as to the right of recovery like

the *Winsted Bank* v. *Webb, supra.* The court here remarked that, had the objection been raised at the trial, it might have been obviated by an amendment of the pleading, thus recognizing the necessity of bringing into the pleading the ground of action when resort must be had to the original indebtedness in order to sustain a recovery. In fact, however, the question was not in *Tifft* v. *Moor*, because the jury found that the note given in renewal and counted on was free from the taint of usury. In the case in hand the plaintiff neither counted on the original indebtedness, nor did he on the trial claim to recover on that, but fought out the case on his right to recover on the note given in renewal. On this note alone he planted himself in his pleading, and at no time in the progress of the trial did he claim to recover on any other or different cause of action. He can make no other claim now on this appeal in considering his motion for a new trial.

As to the position of the plaintiff's counsel that the note given in renewal of the one in suit was usurious, hence offering no impediment to a recovery although yet outstanding, the plaintiff is not at liberty to maintain. The usurer cannot set up his own turpitude to his advantage. It is the victim, not the usurer, who may claim protection under the statute. (*The Nat. Bank of Gloversville* v. *Place*, 15 Hun, 564.)

The order appealed from must be reversed, and the motion for a new trial denied, with costs of the motion and of the appeal.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, and motion for new trial denied, with costs.