(15 Misc. Rep. 424.)

TROY CARRIAGE CO. v. SIMSON et al.

(Supreme Court, Special Term, Erie County. January, 1896.)

FORECLOSURE—USURIOUS MORTGAGE—VALID DEBT—JUDGMENT.

Under Code Civ. Proc. § 1207, providing that the court may permit plaintiff to take any judgment consistent with the case made by the complaint and embraced in the issues, where the complaint on foreclosure sets forth the original debt, to secure which the mortgage was given, and the answer admits such indebtedness, recovery may be had for the amount of the debt, though the mortgage itself is usurious.

Action by the Troy Carriage Company against William B. Simson and another to foreclose a mortgage and for a judgment of deficiency.

Root, Orton, Baldwin & Baldwin, for plaintiff.
Simpson, Harrington & Premus, for defendants.

WARD, J. Prior to December 1, 1893, the defendant William B. Simson, transacting business at Tonawanda, N. Y., obtained from the plaintiff, a foreign corporation transacting its business at Troy, Ohio, a number of carriages and wagons, for which he agreed to pay it the sum of $840. The demand was not paid when due, and on the 1st day of December, 1893, to carry out a promise he had made to the plaintiff to furnish security for the debt, he made and forwarded to it his promissory note dated that day, and made at Tonawanda, N. Y., whereby he promised to pay to the order of the plaintiff the $840 at the German-American Bank, Tonawanda, N. Y., 20 days after date, with interest at 8 per cent. He also, at Tonawanda aforesaid, executed a bond to secure the said note, and he and his wife, Sara D. Simson, executed and acknowledged a mortgage as a further security for the said note. Each of said instruments stated that they were given as a security for the payment of the said sum of $840, and the interest thereon at 8 per cent., and payable at the German-American Bank, Tonawanda. The defendants allege that the bond, mortgage, and note were executed upon a usurious agreement, whereby the plaintiff was to have and receive a rate of interest exceeding 6 per cent. upon the said bond and mortgage, and they are, therefore, void, and cannot be enforced. This contention seems to be sustained, not only by proofs in the transaction, but upon the face of the papers themselves, they all being executed, payable, and to be performed in the state of New York. The learned counsel for the plaintiff argues that, inasmuch as the defendant ordered the wagons, etc., from Ohio, they were in fact delivered to him in Ohio, and thus the con-

tract in reality was made in that state, and the contract is governed by the laws of that state, and therefore is not usurious, 8 per cent. being lawful interest in that state. However this may be as to the original indebtedness, it will not aid the plaintiff as to the securities taken in this state to secure the indebtedness. They are plainly in contravention of our laws against usury, and cannot be enforced.

An interesting question arises whether, in this action, the plaintiff cannot obtain a personal judgment against the defendant William B. Simson, its debtor. While no case has come under my notice exactly parallel to this, yet the principle has been often asserted by the courts of this state that in an action brought to enforce a usurious security, which embraces a valid debt arising out of a prior transaction, recovery may be had for the amount of such valid debt, and the usurious security discarded. Cook v. Barnes, 36 N. Y. 520; Bank v. Webb, 39 N. Y. 325–328; In re Consalus, 95 N. Y. 340; Gerwig v. Sitterly, 56 N. Y. 214; Freer v. Denton, 61 N. Y. 492. The complaint in this action, as a preliminary to setting forth the securities sought to be enforced, sets forth the original indebtedness for the wagons sold, which the answer admits, both the defendants answering. The relief demanded in the complaint is for the foreclosure of the mortgage and the sale of the premises in the usual form, that the defendant William B. Simson be adjudged to pay any deficiency which may remain after applying the moneys applicable from the proceeds of the sale, and that the plaintiff have such other and further relief as may be just and equitable.

The defendants having answered, the Code of Civil Procedure provides (section 1207) that "the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issues." And in Bank v. Webb, 39 N. Y. 328, the court says:

"It is perfectly settled that the right to sustain the action upon the facts alleged does not depend upon the prayer for judgment. Any relief to which, upon the facts alleged, the plaintiff is entitled, the court should grant when the defendant has appeared and answered,"—citing cases.

Although this is an equitable action, it is well settled that, while the court may not be able to afford the party the equitable relief claimed, still, if the facts warrant a recovery of damages, or a personal judgment for debt, the court may retain the action, and give that relief. Sternberger v. McGovern, 56 N. Y. 13; Bidwell v. Insurance Co., 16 N. Y. 263; Baker v. McLoughlin, 19 Wkly. Dig. 29; Chester v. Jumel (Sup.) 5 N. Y. Supp. 238 (second case); Pom. Cont. & Spec. Perf. §§ 474–480, and notes; New York Ice Co. v. Northwestern Ins. Co., 23 N. Y. 357. It seems unnecessary to put the plaintiff to the circumlocution of another action to recover of Mr. Simson the amount of this conceded debt when such recovery may be permitted within the issues embraced in this action. The plaintiff should have judgment against the defendant William B. Simson in this action upon and for the original indebtedness and interest at 6 per cent., after deducting such payments as have been

made thereon, being the sum of $779.57, with costs against him, but only such costs as could have been recovered in a legal action upon the original indebtedness.    As to the defendant Mrs. Simson, the complaint should be dismissed as against her, but without costs.

Judgment ordered against defendant William B. Simson for $779.57 and costs, and complaint dismissed as to defendant Sara D. Simson, without costs.