FARMERS' LOAN & TRUST CO. v. HOTEL BRUNSWICK CO. et al.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

RECEIVERS—APPOINTMENT.
    Where a receiver has been appointed in voluntary proceedings to dissolve a corporation, the same receiver, rather than another person, should be appointed on a subsequent application by the holder of a chattel mortgage on the property of the corporation for a receiver, unless it appears that the lien of the mortgagee will not be adequately protected thereby.

Appeal from special term, New York county.

Action by the Farmers' Loan & Trust Company against the Hotel Brunswick Company, and Josiah H. Baker, as receiver of said hotel company, to foreclose a chattel mortgage. Defendant Baker was appointed receiver of the hotel company on petition of a majority of the stockholders for a dissolution of the corporation and the appointment of a receiver to wind up its affairs. Afterwards R. Sturgis was appointed receiver of the hotel company on the application of the mortgagee under a chattel mortgage of the property of the hotel company, and defendant Baker appeals. Modified.

Argued before BARRETT, RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Ira Leo Bamberger, for appellant.
David McClure, for respondent.

PER CURIAM. We think the plaintiff made out a proper case for the appointment of a receiver in this action. But there was no reason why the receiver who had already been appointed in the voluntary dissolution proceedings should not have been appointed receiver in this action. We think it was not necessary for the protection of the plaintiff's interest that the court should have appointed a new receiver in this action. Everything sought to be obtained by that appointment could have been obtained through the instrumentality of the receiver already appointed, and by proper instructions and directions to that receiver. The effect of this is, practically, to extend Mr. Baker's receivership in the dissolution proceedings to this action.

We think, therefore, that the order should be modified by striking out the name of Mr. Sturgis, and inserting the name of Mr. Baker, as receiver in this action, and should also be modified by striking out the provision requiring the receiver to give the security mentioned in the order, and that the order, as so modified, should be affirmed, without costs to either party on this appeal.