(110 App. Div. 596.)

### CURLETTE v. OLDS.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

ACTIONS—STAY—PENDENCY OF OTHER ACTION IN FEDERAL COURT.

Where an action to foreclose a mortgage was brought against the mortgagor and his wife and the mortgagor's creditors in the court of the county where the mortgaged property was situated, as required by Code Civ. Proc. § 982, there was no abuse of discretion in denying defendant's motion to stay such proceedings, until the decision of the federal court in a pending action wherein defendant as sole plaintiff sued to set aside the mortgage alleging that the same was void for usury, especially as the mortgagor was a practicing attorney of such county with only a legal residence in another state.

Appeal from Sullivan County Court.

Action by John F. Curlette against Franklin M. Olds impleaded with others. From an order denying defendant's motion to stay proceedings until the decision of an action in the federal court between the same parties, defendant appeals. Affirmed.

This action is pending in the county court of Sullivan county for the foreclosure of a mortgage given May 4, 1904, by the defendant, Franklin M. Olds to the plaintiff. The wife of the mortgagor and several judgment creditors are also parties defendants. Just after the first payment became due upon the mortgage, and before the beginning of this action, the mortgagor began an action against plaintiff in the Circuit Court for the Southern District of New York, seeking to set aside said mortgage and two grants of rights over his lands, alleging that the same were void for usury. He thereupon moved the county court of Sullivan county, upon affidavits, for an order staying the proceedings in this action until the decision of the action in the federal court, which motion was denied, and the defendant appeals to this court. The moving affidavits show that the plaintiff held a prior mortgage made by the defendant, upon the same premises, and upon default being made, an action of foreclosure was brought and judgment of foreclosure and sale had, and that from time to time the defendant had made payments upon said judgment, and upon the 4th day of May, 1904, the amount remaining unpaid was $3,875, and that upon that day the mortgage now in suit was given in place of the other mortgage, which was discharged. The prior mortgage and judgment are conceded valid in all respects. The defendant, Olds, is an attorney with an office, and doing business at Mountaindale, Sullivan county, but with a legal residence at Newark, New J. As a part of the transaction in which the second mortgage was given, and in consideration of the forbearance of the debt represented by the judgment and the first mortgage, he alleges that the plaintiff (in addition to the full lawful rate of interest), exacted, took, and received, without other consideration, two valuable rights or privileges, namely, the right to flow water onto, upon, and over adjacent lands belonging to him, from an overflowing artesian well upon plaintiff's premises, and the right (in case of completion of

a telephone line then recently projected and partially constructed through Mountaindale), to connect therewith by poles and wires extending over, upon, and across other lands of the defendant, so that plaintiff might have a telephone receiver in his house for his own use, and that a certain grant of said rights was executed and acknowledged by both parties in writing: "all con-trary, as is claimed by me, to the statutes of this state against usury."

Argued before PARKER, P. J., and SMITH, CHASE, CHES-TER, and KELLOGG, JJ.

Franklin M. Olds, for appellant.
Melvin M. Couch, for respondent.

JOHN M. KELLOGG, J.   The defense of a former action pending for the same cause between the same parties is not available where the courts are in different states, or one is a federal and the other a state court, and this is true notwithstanding the fact that the federal court is in a district embracing the state.   Each action may proceed to judgment, unless the court, in which the latter action is brought, in the exercise of a sound discretion, stays its prosecution, and the party first obtaining his judgment may, in a proper case, use it by an amended pleading, or as evidence in the other action.   Douglass v. P. Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983, 1 Cyc. 36, 38, 39.   Here neither the parties, the cause of action, nor the relief sought are the same.   A former action to set aside a judgment is no defense to an action brought to enforce the judgment, as they are not for the same cause, and their scope is different.   McGrath v. Maxwell, 17 App. Div. 246, 45 N. Y. Supp. 587.   If the plaintiff in this case is successful in the other action, he must still proceed here to realize his mortgage debt.   And Code Civ. Proc. § 982, requires an action of foreclosure to be brought in the county where the mortgage prop-erty is situate, the plaintiff was not required to set up and seek to enforce his mortgage in the federal court.   In fact, he could not effectually do so for the reason that the wife and the judgment cred-itors of the mortgagor are necessary parties to the foreclosure.

It is true that the policy of the law is that the first tribunal obtain-ing jurisdiction of the parties and the subject of the action shall decide the controversy, so that a multiplicity of suits may be avoided, and that there shall be no unseemly race between parties after action brought to get a speedier trial in some court in which they feel a trial is more convenient or otherwise more desirable.   Here a stay can not be claimed, as a matter of right, but rests in the sound discretion of the court, and there are many circumstances which appeal to the discretion of the court, and naturally lead to a denial of the defendant's motion.   The mortgagor is an attorney of this court, having an office for the practice of his profession in the county in which the fore-closure is sought; and while he has the right to bring the action in the federal court, based upon his technical nonresidence, it would seem that the state court would be more accessible to him, and more con-venient for all parties concerned.   The action of foreclosure, as we have seen, is local in its character, and the allegations conferring upon the federal courts jurisdiction in this case may be considered somewhat technical instead of really substantial.   It is conceded that the original

mortgage and the judgment of foreclosure were in all respects valid, and even though the defendant establishes usury in the second mortgage, the first mortgage and judgment are not voided by his defense of usury. They may be reinstated and enforced, if not in this action, at least in a proper proceeding brought for that purpose. Winsted Bank v. Webb, 39 N. Y. 325, 100 Am. Dec. 435; Gerwig v. Sitterly, 56 N. Y. 214; Troy Carriage Co. v. Simson, 15 Misc. Rep. 424, 37 N. Y. Supp. 846, affirmed 12 App. Div. 626, 43 N. Y. Supp. 1166. The usury laws provide that where usury is established a payment of the loan shall not be required, and, accordingly, that the borrower may maintain an action in equity, and shall not be required to make restitution of the money borrowed as a condition for equitable relief. It is not necessary to consider here whether a court of equity will require, as a condition of such relief, the reinstatement of the valid security, and, in that way, avoid a circuity of action. It is probable that the mortgagor must at some time either pay the original indebtedness or lose his farm. It is not very material to him whether he pays the judgment or this mortgage, or whether his farm is sold upon that judgment when revived or in this action. He has not, therefore, any real substantial interest in the controversy aside from the rights granted; and his moving papers do not allege that they have any real substantial value, and it cannot be inferred from the description of them that they are of great value. Assuming that their value is small, he is still at liberty to bring an action for their cancellation and have his rights adjudicated by the federal court. This court, however, will not feel called upon in a substantial controversy like this to compel a creditor to await the result of an action where so little actually depends, and the result of which will not be conclusive here. Upon all the circumstances the court may well feel that the federal action is not brought in good faith to establish a right or redress a wrong, but rather is intended to delay the plaintiff, and to put him to expense and trouble and to prevent him obtaining a speedy collection of his mortgage debt. The order of the county court is affirmed, with $10 costs and disbursements. All concur; PARKER, P. J., in result.

SMITH, J. (concurring). There seem to be two classes of cases in which this question arising over the question of the jurisdiction of United States and state courts has been discussed. One is a class of cases in which one of two courts of concurrent jurisdiction has possession of the res, in which case there is no alternative whatever. The assumption of jurisdiction by both courts would create as it were a clash of arms; that is, there would be a strife between the receivers or between the sheriff and the United States marshal for the final possession of the property, which would be unseemly, as indicated in the case of Gates v. Bucki, 53 Fed. at page 966, 4 C. C. A. 116. In that class of cases it is not material whether the res has been actually taken possession of by the court first acquiring jurisdiction, if the case be of such a nature that it may be necessary to take possession thereof in order to carry out the decree of the court. Farmers' Loan, etc., Company v. Lake Street Rd. Co., 177 U. S. 61, 20 Sup. Ct. 564,

44 L. Ed. 667. There is another class of cases where there will not be this clash of executions, where the assumption of jurisdiction by the two courts would not necessarily result in a contest for the possession of the property, but still where the judgment in the court first acquiring jurisdiction would be practically nullified by a judgment of the court afterwards acquiring jurisdiction. It seems that in such cases, if the judgment sought in the court last acquiring jurisdiction is one purely in personam, there may be doubt as to whether a stay should be granted. But if the judgment be not one strictly in personam, nevertheless, if the matter could be litigated in the first action, and the judgment in the second action should actually make ineffective the judgment in the first action brought, the trial of the second action should be stayed. This class of cases is illustrated in the decision in Sharon v. Terry (C. C.) 36 Fed. 337, 1 L. R. A. 572. That was a case in which an action was brought in a federal court to set aside and cancel a marriage contract. An action was thereafter commenced in the state court for a divorce, which assumed the validity of the marriage contract. It was there held that the federal court having first acquired jurisdiction had the prior right and could stay proceedings in the state court. In this class of cases, if the court first acquiring jurisdiction shall insist upon its prior right, it must be granted both as a matter of courtesy and necessity to avoid a conflict of jurisdictions. In the case at bar there is no specific res for the possession of which both parties are struggling. A judgment rendered in the federal court might, however, be wholly thwarted by the hasty trial and judgment in the state court. In the Sharon Case upon page 360 of 36 Fed., 1 L. R. A. 572, an exception to the rule there laid down is recognized in cases upon contracts or obligations, which, from their nature, are merged in the judgment rendered; the subject upon which the first suit is founded having thus ceased to exist. Whether the cases at bar come within that exception, it is in my view unnecessary here to decide. Enough has been shown to throw grave doubt upon the right of the defendant, in any event, to a stay of the action in county court.

An application for an injunction against the prosecution of this action in county court may be entertained by the federal court. Stewart v. Wisconsin Cent. Ry. Co. (C. C.) 117 Fed. 782. Where a conflict between two courts of concurrent jurisdiction is possible, the court with the prior right to jurisdiction can well in its discretion refuse to enjoin the action later brought or enjoin the same upon terms. In my judgment, it would be scant courtesy for the court in which the later action is brought to assume to exercise that discretion. The record discloses facts to which a court would give much weight in determining whether, as a matter of discretion, this county court action should be stayed or, if stayed, whether it should not be stayed upon terms. That the first mortgage and judgment entered thereupon can still be enforced, even though the second mortgage be usurious, would seem to be clearly held in Gerwig v. Sitterly, 56 N. Y. 214. Upon application for an injunction to the federal court, that court, with the prior right of jurisdiction, could exercise its discretion, and refuse the injunction or grant it upon terms; as, for instance, the

payment of the original mortgage or judgment entered thereupon. The judgment entered upon the foreclosure of the first mortgage is for the exact amount included in the second mortgage. In such case, the action in the federal court could proceed to set aside the rights claimed to have been unlawfully exacted from the defendant by the plaintiff. The stay, therefore, was, in my judgment, properly denied, to the end that the plaintiff be driven to the federal court for his relief, which court could freely consider plaintiff's equities in determining whether the county court action should be enjoined, or, if so, upon what terms.

I concur, therefore, in the affirmance of the order.