MEYER SHUBIN, Respondent, *v.* HYMAN SURCHIN et al., Appellants.

First Department, May 23, 1967.

*Meyer Shubin,* respondent in person.

*Jacob Lippman* of counsel (*Bressler & Meislin,* attorneys), for appellants.

BASTOW, J.   The basic issues presented on this appeal are whether or not the complaint should be dismissed for failure to state one or more causes of action and whether or not the defendants' motion for summary judgment should have been granted in whole or in part.   We conclude that the complaint should be sustained and defendants' motion denied.

Prior to 1959 plaintiff and defendant, Hyman Surchin, as partners, were engaged in the renovation, repair and sale of business machines.   In that year the business was incorporated under the name of the corporate defendant.   These two individuals then were and continue to be the sole stockholders — each owning 50 shares of common stock.   The by-laws provided for four directors.

Plaintiff contends and defendant, Hyman Surchin, admitted on a pretrial examination that prior to the formation of the corporation the pair made an oral agreement that the directors should consist of the two former partners and one nominee of each.   This was implemented at the first meeting of directors in June, 1959 when the father of Hyman Surchin (defendant, Samuel Surchin) and plaintiff's sister, Mrs. Lehrer, were elected directors together with the two former partners.   No further formal meetings of stockholders or directors were held until 1966.

In 1965 two events happened that altered the course of conduct of the corporate affairs.   Mrs. Lehrer died thereby giving the Surchin father and son control of the board of directors.   Next, on April 8, 1965 plaintiff, defendant, Hyman Surchin, and the corporation executed a writing whereby it was agreed, among other things, by the two individuals that each would vote at stockholders' and directors' meetings so that the Board of Directors would consist of these two sole stockholders both of whom would be necessary to constitute a quorum for the transaction of business at directors' meetings.   It was further provided that the "directors will ratify and adopt this Agreement."

On July 13, 1966 when plaintiff was in California he received telegraphic notice that the two Surchins were calling a meeting of directors on July 19.   The stated agenda for the meeting included passing on the conduct of plaintiff "and his fitness to continue as an officer and employee of the corporation."   This action was promptly commenced and the special meeting of

directors was temporarily enjoined by order now before us for review.

Plaintiff then called for a meeting of stockholders which was held on July 27, 1966. Thereat plaintiff nominated his brother-in-law, Mr. Lehrer, to fill the vacancy caused by the death of plaintiff's sister. Defendant, Hyman Surchin, nominated a third member of the Surchin family. Each nominee received 50 votes and no successor was elected. Plaintiff then moved to amend the certificate of incorporation to incorporate therein the pertinent provisions of the written agreement of April 8, 1965. This failed of passage by the same even vote.

The amended complaint contains four causes of action. In brief summary the first cause is based on the written agreement of April 8, 1965 and the alleged refusal and failure of defendants to implement or perform the provisions thereof. Damages are sought and also injunctive relief to restrain defendants from violating the provisions of the agreement. The second cause is bottomed on the alleged 1959 oral agreement whereby the former partners and one nominee of each would constitute the board of directors. A judgment is sought declaring the rights of the shareholders. The third cause is based upon the acts of defendant, Hyman Surchin, in refusing to comply with the provisions of either agreement at the special meeting of stockholders on July 27, 1966. Affirmative injunctive relief is sought directing specific performance of one or both of the agreements. The last cause of action incorporates the earlier paragraphs of the pleading and seeks monetary damages against defendant, Hyman Surchin.

We disagree with appellants' contention that the first cause of action based upon the written agreement of April, 1965 is legally insufficient. This ignores certain new provisions incorporated, as of September 1, 1963, in the Business Corporation Law relating to a so-called "incorporated partnership."

Subdivision (a) of section 702 of that law provides that the number of directors of a corporation shall be not less than three "except that where all the shares of a corporation are owned beneficially and of record by less than three shareholders, the number of directors may be less than three but not less than the number of shareholders." Subdivision (a) of section 620 of the same law provides that "An agreement between two or more shareholders, if in writing and signed by the parties thereto, may provide that in exercising any voting rights, the shares held by them shall be voted as therein provided, or as they may agree, or as determined in accordance with a procedure agreed upon by them." Subdivision (b) of the same section

authorizes the shareholders of close corporations, subject to certain conditions, to restrict the board of directors in its management of the business of the corporation in a manner that would otherwise be prohibited by law as improperly restrictive. (Cf. 3 White, New York Corporations, 13th ed., § 620.03.)

It is true, as appellants contend, that the pertinent provisions of the written agreement have not been incorporated in the certificate of incorporation, which is a prerequisite pursuant to subdivision (b) of section 620 and of section 701 to implement effectively that part of the writing by which the number of directors was reduced to the two shareholders. Minimally, however, triable issues are presented as to (1) the obviously somewhat ambiguous provisions of the written agreement and (2) whether it was within the intendment of parties thereto that the certificate and by-laws should be suitably amended to implement the provisions of the agreement now permitted by the statute. Significantly, plaintiff attempted such amendment at the meeting of the two stockholders in July, 1966 but his efforts were thwarted by the negative vote of defendant, Hyman Surchin.

If the writing of April, 1965 is found, following trial, to have no legal vitality, a further triable issue is presented by the second cause of action as to the enforcibility of the alleged preincorporation oral agreement that the four directors should consist of the two shareholders and one nominee of each. Appellants contend that this contract is void as violative of the Statute of Frauds because it is not performable within one year. The second cause of action may not be summarily dismissed on this ground (cf. *Storer* v. *Ripley,* 282 App. Div. 950, 951; *Weber* v. *Sidney,* 19 A D 2d 494, 498, affd. 14 N Y 2d 929).

Next, appellants argue that the oral agreement has been merged in the later written instrument. It is familiar law, of course, that upon the execution of a valid substituted agreement, the original agreement merges with it and is extinguished. (10 N. Y. Jur., Contracts, § 401, p. 411.) But here appellants claim that the superseding agreement is invalid and ordinarily an illegal new agreement made in discharge or modification of an old legal contract will not preclude enforcement of the old contract. (Cf. 17 Am. Jur. 2d, Contracts, § 459; *Cook* v. *Barnes,* 36 N. Y. 520.) Thus, it is difficult to reconcile the diverse contentions of appellants that although the written contract is invalid the earlier oral agreement has been merged therein and extinguished. The resolution of this issue must await a trial.

This oral contract predated, of course, the 1963 enactment of the heretofore recited provisions of Business Corporation Law. Upon a trial the issues raised relating to this agreement will

have to be decided in the light of *Clark* v. *Dodge* (269 N. Y. 410) and similar authorities. The revisers of the Business Corporation Law recognized the validity of the holding in the *Clark* case and have expressly declared that the provisions of subdivision (b) of section 620 of the new enactment have expanded the ruling therein and, to the extent therein provided, have overruled other judicial decisions. (Seventh Interim Report, N. Y. Legis. Doc., 1963, No. 29, p. 130; 3 White, New York Corporations, 13th ed., § 620.03.) We make no attempt to pass on the issues presented by this second cause of action but it states a recognizable cause of action that may not be summarily dismissed.

In sum, a situation exists where the individual defendants, as directors, are in complete control of the affairs of the corporation and plaintiff is on the verge of being excluded from a voice in management and limited to the right to cast a dissenting vote at directors' meetings. The complaint states legal causes of actions. A dismissal of the pleading would doubtless relegate plaintiff to the sole relief of petitioning for a dissolution of the corporation. (See Business Corporation Law, § 1104; § 1111, subd. [b], par. [3].) Such drastic action should not be imposed upon plaintiff in the light of the pleading and the facts presented. We further conclude that the order providing temporary restraint pending trial was properly made.

The orders entered September 7, 1966 and October 26, 1966, respectively, should be affirmed.

McNALLY, J. (dissenting). Plaintiff seeks a declaration of his rights under two stockholders' agreements concerning defendant Approved Business Machines Co., Inc. ("Approved"). Defendants have been enjoined *pendente lite* from holding a special meeting of directors of Approved or affirmatively acting in contravention of an agreement dated April 8, 1965. Defendants appeal from the grant of said injunction and the denial of their motion for summary judgment.

Approved was organized in June, 1959. Its sole stockholders are plaintiff and defendant Hyman Surchin ("Hyman"). Each owns 50 shares. The certificate of incorporation provides for not less than 3 nor more than 7 directors. The by-laws provide for four directors and a quorum of "a majority of the whole number of directors."

Upon the organization of Approved, plaintiff, his nominee, Annie Lehrer, defendant Hyman and his nominee defendant, Samuel Surchin, became directors; plaintiff became secretary and treasurer and Hyman president. Annie Lehrer died in 1965. The resulting vacancy has not been filled.

The agreement of April 8, 1965 provides in part:

" 1. *Control*: The parties agree to vote at stockholders' and directors' meetings so as to provide the following:

" (a) A Board of Directors consisting of all the stockholders, Hyman Surchin and Meyer Shubin, both of whom shall be necessary to constitute a quorum for the transaction of business at any meetings of the Board of Directors; and that no action of the Board shall be valid unless approved by Hyman Surchin and Meyer Shubin thereof.

" (b) That all meetings of stockholders, the presence in person or by proxy of Hyman Surchin and Meyer Shubin shall be necessary to constitute a quorum; and no action shall be valid unless approved by Hyman Surchin and Meyer Shubin or their proxies.

" (c) That the directors will ratify and adopt this Agreement and file a copy thereof with the minutes of the Corporation.

" (d) Corporation checks are to be honored under the signatures of Hyman Surchin and or Meyer Shubin.

" (e) No change shall be made in the Certificate of Incorporation or in any of the By-Laws thereof without the consent of Hyman Surchin and Meyer Shubin."

There are differences between plaintiff and Hyman relative to the affairs of Approved. Consequent thereon defendants Surchin requested and Hyman, as president, called a special meeting of the board of directors to be held July 19, 1966, for the presentation of the following matters:

" 1. The election of a vice-president, assistant secretary and treasurer.

" 2. To consider the existing resolution relating to the signing of checks on behalf of the corporation.

" 3. To pass upon the conduct of Meyer Shubin, an employee and officer of the corporation, and his fitness to continue as an officer and employee of the corporation.

" 4. Such other business as may come before the board of directors for consideration.

" Please be further advised that the constitution of a quorum of directors will be determined by Section 707 of the Business Corporation Law and that the provisions contained in the agreement dated April 8, 1965, paragraph 1-a thereof, between Hyman Surchin and Meyer Shubin to the effect that the presence of Hyman Surchin and Meyer Shubin shall be necessary to constitute a quorum for the transaction of business at any meetings of the board of directors and that no action of the board shall be valid unless approved by Hyman Surchin and Meyer Shubin shall be disregarded as in contravention of Sections 707, 708 and

709 of the Business Corporation Law, illegal and of no force and effect.''

On plaintiff's application, the proposed special meeting of the board of directors was stayed on July 19, 1966, pending a motion for an injunction *pendente lite*. The affidavit in support of the order to show cause containing the stay was made by plaintiff's attorney. It affirmed plaintiff's inability to attend because of his then presence in California and the unavailability of travel facilities to New York, the place of the meeting, because of an airline strike. The affidavit further alleged the proposed action at the scheduled meeting was in disregard of the agreement of April 8, 1965.

Implicit in said agreement is the obligation on the part of plaintiff and Hyman, respectively, to vote his shares of stock for the other as director of Approved. Defendants do not propose any action affecting plaintiff as director.

Defendants seek to remove plaintiff as an officer. The by-laws provide an officer '' may be removed at any special meeting of the Board called for that purpose at which a majority of the Directors are present.'' The agreement to vote for the plaintiff as director does not preclude his removal for cause. (*Matter of Burkin [Katz]*, 1 N Y 2d 570, 572.)

Insofar as the agreement requires the presence of both plaintiff and Hyman to constitute a quorum for the transaction of business at any meeting of the board of directors, it is invalid to the extent that it requires more than a majority. (Business Corporation Law, § 707; former § 27 of General Corporation Law; *Benintendi* v. *Kenton Hotel*, 294 N. Y. 112.) A quorum in excess of a majority may be imposed solely by the certificate of incorporation. (Business Corporation Law, § 707; former § 9 of Stock Corporation Law; *Matter of Faehndrich*, 2 N Y 2d 468, 473; *Model, Roland & Co.* v. *Industrial Acoustics Co.*, 16 N Y 2d 703.) The agreement herein expressly precludes any change in the certificate of incorporation without the consent of plaintiff and Hyman and his consent may not be compelled. (*Benintendi* v. *Kenton Hotel, supra*, p. 120.) The agreement, therefore, does not operate to preclude the proposed special meeting of the board of directors nor its consideration of the matters set forth in the notice thereof.

Plaintiff also seeks to enforce an oral agreement made prior to the organization of Approved. This agreement is that plaintiff and Hyman would vote their stock for one nominee of each as director and elect Hyman president and the plaintiff secretary and treasurer of Approved. The oral agreement is not susceptible of proof because it merged with the written agreement of

April 8, 1965, and its proof would violate the parol evidence rule. (*Mitchill* v. *Lath,* 247 N. Y. 377; *Fogelson* v. *Rackfay Constr. Co.,* 300 N. Y. 334; *Laskey* v. *Rubel Corp.,* 303 N. Y. 69.)

The written agreement deals with "control" of Approved. It precludes any action on the part of stockholders and the board of directors without the consent of both plaintiff and Hyman. The oral agreement requires the election of the nominee of each to the board despite the opposition of the other. The oral agreement conflicts with and contradicts the requirement of unanimity for action provided in the written agreement and, therefore, may not be established. (*Mitchill* v. *Lath, supra,* p. 381.)

The alleged oral agreement has been assumed. However, the record fails to establish it. Purporting to have been made prior to the organization of Approved in 1959, it was first advanced as a basis for any claim on the service of the amended complaint in September, 1966. Plaintiff's telegraphic demand, dated July 16, 1966, for a special meeting of stockholders to elect his nominee as director is grounded on the written agreement; plaintiff and his attorney at the special meeting of stockholders on July 27, 1966, similarly based their demands; the original complaint relied solely on the written agreement. Plaintiff's affidavit in opposition to defendants' motion for summary judgment does not factually set forth the alleged oral agreement. Instead, plaintiff adverts to testimony of Hyman during his examination before trial to the effect that equal representation of plaintiff and Hyman on the board of directors was voted in 1959 by "oral arrangement" between plaintiff and Hyman. The consensus preliminary to the election of plaintiff's nominee as director in 1959 is not the equivalent of an executory agreement to so vote thereafter. Apart from the said testimony of Hyman, plaintiff fails to set forth evidence of the alleged oral agreement. Plaintiff has failed to show facts sufficient to require a trial on his causes of action grounded on the oral agreement.

The orders should be reversed. Judgment should be entered declaring the written agreement invalid insofar as it requires more than a majority to constitute a quorum for a business meeting of the board of directors or stockholders, and otherwise dismissing the amended complaint.

EAGER, J. P., CAPOZZOLI and MCGIVERN, JJ., concur with BASTOW, J.; MCNALLY, J., dissents in opinion.

Orders entered on September 7, 1966 and October 26, 1966 affirmed, with $50 costs and disbursements to the respondent.