# THE WINSTED BANK, Respondent, *v.* ARCHIBALD WEBB et al., Appellants.

*Promissory note—Usury—Original consideration.*

The taking of usury, or including it in new notes by way of renewal of other valid notes, free from such taint, does not prevent a recovery of the sum actually due upon the valid notes, although the original notes were surrendered when the new notes were given.

Where a complaint alleged the making, etc., by the Defendants, of six notes, their non-payment at maturity, etc., and the giving of other six notes in renewal thereof, upon which the first six notes were surrendered, and stated that the Defendants alleged and claimed that the last six notes were void for usury; and the Defendants, by their answer, did set up such usury, and claimed the first six notes were paid and surrendered, and that the last notes were void for usury; the Plaintiff, in opening his case on the trial, admitted that usurious interest was included in the last six notes, whereupon a nonsuit was ordered. On appeal, held that this was erroneous.

The delivery of six notes which were void for usury was not payment and satisfaction of the six valid notes intended to be renewed thereby.

Upon the facts stated, the surrender of the first six notes was not a discharge of the cause of action, and the Plaintiff was entitled to recover the amount actually due.

Appeal from an order of the Supreme Court in General Term in the Sixth District, reversing an order for a nonsuit, and ordering a new trial.

The complaint herein avers the making of six promissory notes by the Defendants, for $2,000 each, of various dates, payable three months after date, to the order of two of the Defendants, and by them endorsed to the Plaintiff. That on the 15th of December, 1857, after the maturity of all of the said notes, when there was due the whole principal thereof, together with interest upon each from the maturity thereof, the Defendants paid on account of said notes $426, and delivered to the Defendants other six notes, for $2,000 each, bearing various dates, payable and endorsed to the Defendants, like the first six, and for the same debt and consideration, except as to interest and the payment aforesaid, and as an

extension of the time for the payment thereof; and thereupon the Plaintiff delivered to the Defendants the six notes first mentioned.

That the Defendants allege that there was included in the last-mentioned six notes a rate of interest which was usurious, and claim that, by reason thereof, they are not bound to pay either of the notes nor any part of the debt. That each of the notes was duly protested for non-payment, and notice thereof duly given to the endorsers.

That the Plaintiff has offered, and now offers, to return the last-mentioned six notes, or to cancel the same, but Defendants decline such offers.

That Plaintiff has demanded from the Defendants the said first-named six notes, but Defendants refuse to redeliver them.

The Plaintiff prays judgment (in substance) for $13,462.48, being the amount of the principal debt and interest to March 1, 1860, about the time the action was commenced, after crediting upon one of the notes the said sum of $426, and interest thereon accrued until final judgment.

The Defendants, by their answer, admit the making, endorsement, and delivery of all the notes. They aver that the first six notes were paid to the Plaintiff, who intentionally cancelled them, by erasing the signatures of makers and endorsers, and delivered them to the Defendants. That the second six notes were made and delivered upon an usurious agreement for interest, at the rate of twelve per cent. per annum. That the Plaintiff had previously agreed to renew the first six notes; but when they were over-due, the Plaintiff required the usurious agreement as a condition of discounting the others or renewing the said first six notes, and, being unable to pay the latter, the Defendants were compelled to submit to such usurious and illegal exaction. By reason of all which, the said six notes severally named in the complaint were and are wholly void.

They admit the protest of all the notes for non-payment, and notice to the endorsers. And they claim that, by reason of the usurious agreement before stated, they are not bound to pay either of the notes, and that they refuse to pay the same or any part thereof.

They deny that, except by the complaint, the Plaintiff has offered to return the last six notes, or to cancel the same or either of them, or that. they have declined such offer; and aver their willingness and desire to accept and receive the same; that they ever have been, and still are, ready and willing to accept and receive the same.

Finally, they deny any allegations in the complaint which they have not in their answer admitted.

The action was brought on for trial at the Circuit, and the Plaintiff's counsel stated, in opening, that the action was brought to recover the amount of the six promissory notes which had been marked cancelled, and surrendered by the Plaintiff to the Defendants, the Plaintiff taking in lieu thereof six other promissory notes of the like amount.    That the Plaintiff, when it received the last notes, took more than seven per cent. interest or discount, which rendered them usurious and void; and hence the last notes did not operate as a payment of the first, and therefore, notwithstanding their surrender and cancellation, they had not been paid. That the Plaintiff now claims to recover the amount of them in this action, that being the amount of money originally loaned by the Plaintiff to the Defendants.

The Defendants then moved for a nonsuit, on the ground that, by the complaint and such opening statement, it appeared that the original six notes had been cancelled and discharged, and that the other six notes are usurious and void.

The motion was granted upon the ground thus urged, and judgment of nonsuit was directed.

The exception thereto was ordered to be heard in the first instance at General Term, at which the nonsuit was set aside, and a new trial ordered.

The Defendants stipulated, and appealed to this Court.

*John H. Reynolds* for Appellants.

*Samuel Hand* for Respondent.

WOODRUFF, J.—The nonsuit having been granted in this case, upon the Plaintiff's opening, the facts stated in the complaint

must be taken to be true as alleged, nothing having been conceded such opening inconsistent with the allegations in the complaint, but, on the contrary, the statement upon which the nonsuit was ordered having in substance reiterated them.

It is perfectly settled, that the right to sustain the action on the facts alleged does not depend upon the prayer for judgment. Any relief to which, upon the facts alleged, the Plaintiff is entitled, the Court should grant when the Defendant has appeared and answered. (Code, § 275; Emery *v.* Pease, 20 N. Y. 62; Marquat *v.* Marquat, 2 Kern. 341.)

The complaint shows that the Plaintiff, as endorsee, held six promissory notes, of $2,000 each, made by the Defendants, which were due and payable, and had been protested for non-payment; and the whole principal and interest, from their respective maturity, was due to the Plaintiff. That, as an extension of the time of payment, the Defendants gave to the Plaintiff, for the same debt, other six notes for $2,000 each, and paid $426, and the Plaintiff delivered to the Defendants the first six notes. The six notes last delivered as such extension of the time of payment had become payable before the action is brought, and have also been protested for non-payment.

Upon these facts it is clear that a sum of money, to wit, the amount of twelve thousand dollars (besides interest), less the $426, is due to the Plaintiffs from the Defendants. It became payable at the maturity of the first six notes. The time for payment was extended in part (whether by a binding contract or not) until the maturity of other six notes, but the debt has not been paid. Primâ facie, the last six notes are instruments by force of which the Plaintiff is entitled to recover, but it is not alone by force of those notes that such right of recovery exists; the primary cause and consideration of the indebtedness of which these notes are evidence has not been satisfied. The original evidence of the debt was surrendered, and other notes substituted; but the consideration of the latter is simply the indebtedness, which formed a complete ground of indebtedness before they were given.

It is not essential that the Plaintiff should determine by alle-

gation whether it is by *force* of the first six notes, or by *force* of the second six, that he makes his claim. If, upon the whole transaction stated in the complaint, it is clear that the Plaintiff is entitled to have of the Defendants a sum of money specified, there is a cause of action.

Although the counsel for the Appellants has argued with great ingenuity and skill in support of the nonsuit, and has insisted that the complaint does not state facts sufficient to constitute a cause of action, yet his first subordinate proposition is, that the complaint " sets out a good cause of action *on the last notes*." And the alleged defect, therefore, lies in the supposed fact that " the action is *brought* on, as well as to recover, the amount of the *first* six notes."

It would seem to be enough to say, that the concession that the complaint sets out a cause of action on the *last* notes disposes of the point.

The fallacy of the reasoning is, that it assumes that the action is necessarily to be regarded as brought *upon* either set of notes, to the exclusion of any reference to the others. The action is to recover the debt; the amount of the first six notes is the measure of the indebtedness. The notes successively have been given as evidence of the indebtedness.

It follows, that, so long as nothing appeared in the case except what the complaint alleged, there was a plain right to recover just what the Plaintiff claimed to recover. In that view the complaint may have contained matter which was wholly unnecessary; and the statement, that the Defendants alleged and claimed that the last notes were usurious, may have been unnecessary; but the substantial fact appeared, that the Defendants were indebted to the Plaintiff in the *amount* of certain six notes, on the surrender of which, they had given to the Plaintiff six other notes which were not paid.

What, then, was there in the opening statement by the counsel for the Plaintiff, in addition to the facts averred in the complaint? Simply this; an admission that the last six notes were usurious, and, therefore, void.

What is the legal effect of that admission? So long as it is law, that the giving of an usurious security for a valid debt does not destroy the debt, or the right to recover therefor, the only effect of the admission was to show that the Plaintiff could not recover by force of the last six notes; that the promise contained therein could not be enforced; and, therefore, that if the Plaintiff could recover at all, it must be for the valid indebtedness which subsisted when those six notes were given.

The argument of the Appellants, upon which alone the nonsuit proceeded, is: Although the Defendants were indebted to the Plaintiff, December, 1857, in the sum of $12,000 and upward, there can be no recovery therefor, because the six notes which constituted the ground and evidence of that indebtedness were surrendered and cancelled, and other notes taken for the same debt. There can be no recovery on the last notes, because they are usurious and void.

This reasoning overlooks two familiar rules. First, that a debtor, by giving his own notes, payable at a future day, does not satisfy his debt. If the new notes are not paid (whether valid or invalid), the creditor may proceed upon and recover for the original indebtedness as if such notes had not been given; surrendering such notes on the trial. In such case he is none the less entitled, because he states in the complaint the facts constituting the original cause of action, and that such notes were given and not paid. Second, it overlooks the principle that an usurious extension of the time of payment of a valid debt does not impair the creditor's right to recover therefor. This is illustrated by the familiar practice, under our former technical rules of pleading, of declaring as for several causes of action in separate counts, when, in truth, but one existed; and when usury in the contract of extension appeared, obtaining a recovery for the original cause upon the count upon which it was described.

But it is said that the first notes being confessedly surrendered and cancelled, that operated as a final bar to any recovery upon them, or for the consideration thereof. This is unsound. The surrender and cancellation of a note may, or may not, operate as

a bar to such recovery. That depends upon the intent of the transaction, and the consideration upon which it is done. The complaint and the opening statement here not only show no intent to release or discharge the indebtedness, but that the whole purpose was to continue its existence and recognition, with a new substituted evidence of the Defendants' liability therefor.

To the suggestion, that the usurer cannot set up his own usury as the ground of abandoning any claim to recover upon the last six notes, and recurring to the original debt, the answer is twofold : First, whether the last six notes were usurious or not, the Plaintiff had the right, when payment thereof was refused, to recur to the original indebtedness. Second, it is the Defendants that avail themselves of the fact of usury.

The Plaintiff admits, it is true, that the usury alleged in the answer of the Defendants existed; but the Plaintiff's cause of action in nowise depends upon that fact. The very ground upon which the Defendants insisted upon the nonsuit was, that according to the Plaintiff's admission the last notes were usurious. He stated his motion upon that fact. He cannot complain that the Plaintiff thereupon says, If you deny the sufficiency of the last six notes to entitle me to recover, you drive me to my original cause of action, and that is valid. I admit the usury, but I seek no advantage therefrom. You may rely upon your answer, and my admission of its truth, or not, at your election. If you do not, then I am entitled to recover on two grounds : first, because I produce six notes containing your promise to pay ; second, because they were given as substitutes for and in extension of other six notes which were valid and effectual, and, as you have not paid them, I am entitled to recover for the original cause. If you elect to rely on the admission, then I am entitled, because the taking of a usurious security does not destroy the right to recover for its original and prior valid consideration.

In short, the case is one which could not, probably, have arisen under our former technical rules of pleadings. Its peculiarity is exhibited, because now all the facts material to the recovery may be stated in one count or narration. The Plaintiff might,

I think, safely have stated the fact, that the last notes were usurious ; but that would not have made it any plainer, that, for the money due upon a valid contract, the Defendants were liable. The Plaintiff has set out twelve notes in his complaint, admitting and averring that the last six were given for, and as an extension of, the first six. Why, then, shall he not recover ? Because he admits that the last six are usurious ? That only remits him to his claim by reason of the Defendants' indebtedness according to the tenor of the first six. Because the first six were surrendered and cancelled ? That does not extinguish the debt, if there was no actual satisfaction, and the substituted contract is not paid, but was void ; and the Defendants insist on availing themselves of the admission to that effect.

It hardly seems necessary to cite authorities to these views; but those cited in the opinion of the Court below, and more fully by the counsel for the Respondent, seem to me to be quite conclusive, if the reasoning upon principle be not satisfactory. (See particularly, Rice *v.* Welling, 5 Wend. 595 ; Hughes *v.* Wheeler, 8 Cow. 77; Vilas *v.* Jones, 1 Comst. 274; Hill *v.* Beebe, 3 Kern. 556, and cases cited ; Gregory *v.* Thomas, 20 Wend. 20 ; Farmers and Mechanics' Bank *v.* Joslyn, 37 N. Y. 353.)

The order of the General Term of the Supreme Court granting a new trial must be affirmed, and judgment absolute rendered for the Plaintiff, in pursuance of the Defendants' stipulation.

All affirm.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.