Bradley, J.,
The question whether or not the defendant paid the principal sum of his note of April, 1879. which matured in April, 1882, was a disputed one of fact upon which the evidence was sufficient to support the verdict.
It is contended that, as the renewal note was not signed by the defendant and the former one made by him was surrendered by the plaintiff, her only remedy was in equity to correct the mistake or supply the omission, and to establish the right to enforce’ the unexecuted note or to charge him upon his undertaking to make the renewal note. And in that view the defendant on the plaintiff’s opening insisted that the plaintiff had no *452 right of action at law, and took exception to the ruling of the court to the contrary.
This contention of the defendant is not supported. The plaintiff’s action was properly one to recover money and triable by jury. Code Civ, Pro., 968. The complaint states quite fully the facts.
The liability of the defendant at law does not depend upon the unexecuted note. .
He borrowed of the plaintiff the sum of $1,850, and gave to her his note as evidence of his liability to pay, and specifying the credit and time of payment. This note at maturity was surrendered upon the condition and understanding (in view of the finding of the jury that it was not paid) that he should give her his renewal note payable in two years. This he failed to consummate and created no new obligation to pay.
The right of action therefore rested upon the loan and the surrendered note. This surrender, under the circumstances, was no discharge of the then existing cause of action resting upon the original consideration, evidenced by the surrendered note. Winsted Bank v. Webb, 39 N. Y., 325; Gerwig v. Sitterly. 56 N. Y., 214; Meyer v. Huneke, 65 Barb., 304.
The plaintiff having testified to the transaction of the payment of the interest by the defendant, upon the note; the drawing by him of the unexecuted two years’ note; the surrender of the other to him and that he paid only such interest; she was, on cross-examination by the defendant’s counsel, asked the question, “Now I want you to remember what notes you had at that time ? Counsel for plaintiff objected. The defendant’s counsel proposed to show what means the plaintiff had before the transaction under investigation, and what she had afterwards, and at the present time. The objection was sustained by the court and defendant excepted.”
The question presented by the issue and litigated was whether the defendant’s note had been paid. The plaintiff, having surrendered it to the defendant, the burden was with her to prove that it was not paid. And any evidence bearing in any legitimate degree upon this question was there admissible. It was competent for the defendant to inquire of her what money or means she had preceding, at, and following the time of that transaction, and the sources from which she derived the latter, with a view to aid the jury so far as it might in the determination of the controverted question of fact, whether the plaintiff had received from the defendant the principal sum of the note, and as bearing upon the correctness of her. recollection of the occurrence in that respect. Deshno v. Reynolds. 17 Hun, 137. and cases there cited. The objection was taken to the question put in the form of a request, that the witness remember what notes she had at the time, and then follows the proposition, to *453 wbicb no further objection appears to have been taken, and following which the objection was sustained and exception taken. The proposition as stated upon the objection being made may fairly be treated as an amplification of the question asked, and embraced within the ruling of the court, and excluded by it. And for the purposes of this review here it is so treated. And the question i 3 whether it contained more than the defendant was entitled to prove.
We are inclined to think it embraced too much. The fact as to the means the plaintiff had was not in itself important or material. The inquiry in that respect had pertinence only so far as it was proper for the consideration of the jury upon the question of payment or not of the $1,350. If her money had been increased that amount at that time without any explanation of the source from which it was derived, it would furnish some evidence bearing upon the question. The inquiry within a reasonable time embracing that period would seem to have been properly allowable and legitimate, but to extend the enquiry two and a half years after the occurrence to which it related would seem not to be justified in any view which could be taken of it at the time the question arose upon which such ruling was made. And for that reason the exclusion was not error.
It appears that on March 27th, 1882, the defendant borrowed of one Whiteman $1,300,. and gave him his note for it, due in one year. And the defendant offered to prove that at that time he stated to Whiteman the purpose for which he borrowed it, and what purpose he so stated, and exception was taken to the exclusion» of the evidence. Tins was not error. The evidence that he borrowed the money at that time, although competent to show that he had the means to pay the plaintiff, and proper for the consideration of jury, the fact proved by it was merely a collateral one and extrinsic the question involved for determination. The act of borrowing the money was not an important fact in its relation to the issue. The competency of declarations as part of the res gestae is dependent upon their relation to a fact under investigation. Then the accompanying declarations are admissible as part of the act, and as characterizing it. The fact for determination upon the trial was in the question whether the note was paid, to which the act of borrowing money by the defendant did not necessarily have any relation. And any declaration of the defendant accompanying the latter act, was not admissible as evidence for any purpose. The refusal of the court to charge as requested was without error.
There are no other questions requiring consideration.
The judgment and order should be affirmed.
Haight ahd ANGLE, JJ., concur.