FRANCES LONDON, Appellant, *v.* CHARLES E. TONEY, Respondent.

(Argued January 16, 1934; decided February 27, 1934.)

*Bernard Trencher* and *Julius D. Tobias* for appellant. The defense of usury is not available unless there is a loan, or a forbearance of a loan. (*Frank* v. *Davis,* 6

N. Y. Supp. 144; 127 N. Y. 673; *Orvis* v. *Curtiss,* 157 N. Y. 657; *Dry Dock Bank* v. *American Life Ins. & Trust Co.,* 3 N. Y. 344; *Van Dyk* v. *Dujardin,* 213 App. Div. 791; *Forgotston* v. *Mc Keon,* 14 App. Div. 342; *McAnsh* v. *Blauner,* 222 App. Div. 381; 248 N. Y. 537; *Florida Land Holding Corp.* v. *Burke,* 135 Misc. Rep. 341; 229 App. Div. 853; *Real Estate Trust Co.* v. *Keech,* 69 N. Y. 248; *Tierney Sons, Inc.,* v. *Bajowski,* 233 App. Div. 766; 258 N. Y. 563; *Patterson* v. *Birdsall,* 64 N. Y. 294.)

*Alan L. Dingle* and *Aiken A. Pope* for respondent. The extension agreement was void for usury as to the guarantor thereof. (*Ganz* v. *Lancaster,* 169 N. Y. 357; *Winsted Bank* v. *Webb,* 39 N. Y. 325; *Patterson* v. *Birdsall,* 64 N. Y. 294; *Wyeth* v. *Braniff,* 84 N. Y. 627; *Baldwin* v. *Moffett,* 94 N. Y. 82; *Perkins* v. *Hall,* 105 N. Y. 539; *Real Estate Trust Co.* v. *Keech,* 69 N. Y. 248; *Russell* v. *Nelson,* 99 N. Y. 119; *Henry & Co.* v. *Fry,* 78 Misc. Rep. 130; *Rosa* v. *Butterfield,* 33 N. Y. 665; *Heidenheimer* v. *Mayer,* 42 N. Y. Super. Ct. 506.) The extension agreement was an agreement to forbear within the meaning of the usury statute. (*Ganz* v. *Lancaster,* 169 N. Y. 357.)

O'BRIEN, J. Plaintiff's assignor, Kentucky Holding Co., Inc., held a purchase-money mortgage on real estate belonging to defendant but recorded in his wife's name. The bond and mortgage had been executed by a predecessor in title but, when defendant's wife had acquired the record title, neither she nor defendant assumed liability for the debt. On June 11, 1929, the sum of $20,700 was due and on that date the mortgagee and defendant's wife entered into an agreement whereby she assumed the indebtedness represented by the bond and mortgage and the mortgagee extended the payment of her indebtedness to January 1, 1932. On the same day defendant made this agreement: " In consideration of Kentucky Holding Co., Inc., extending the payment of

the above described mortgage to my wife, Lily R. Toney, I, Charles E. Toney hereby guarantee payment of the balance due on the bond and mortgage described herein, to wit, the sum of $20,700 with interest from May 15, 1929." In addition the mortgagee demanded and defendant executed notes for $1,500. Defendant's wife defaulted and this action is brought on defendant's guaranty of the debt which his wife had assumed. The defense is usury. The trial court and the Appellate Division have unanimously sustained this defense.

Section 370 of the General Business Law (Cons. Laws, ch. 20) provides that the rate of interest upon the " loan or forbearance of any money, goods, or things, in action " shall not be greater than six per cent, and section 373 provides that where any greater sum shall be reserved or taken for the " loan or forbearance of any money, goods or other things in action " the agreement shall be void.

The purchase-money mortgage was concededly valid. The issue is whether the extension and guaranty agreements were usurious. (*Real Estate Trust Co.* v. *Keech*, 69 N. Y. 248; *Church* v. *Maloy*, 70 N. Y. 63; *Ganz* v. *Lancaster*, 169 N. Y. 357.) The two agreements must be regarded as constituting a single transaction.

Prior to the execution of the agreements neither defendant nor his wife was indebted to plaintiff or her assignor. Defendant was merely the owner of real estate incumbered by a mortgage and his wife was merely the holder of the record title. By these agreements the mortgage lienor forebore for a time the payment of a money debt which was then due and which would have discharged the lien and it forbore the existing right in foreclosure. Defendant's wife personally assumed the debt and agreed to pay it and defendant made himself secondarily liable. The consideration for forbearance of this money and of the present right to enforce the debt was the assumption of that debt by defendant and his wife and the agreement by defendant to pay more than the legal rate of interest

on the debt. Unless a distinction, never heretofore recognized by this court, respecting the charge of excessive interest for the extension of the payment of a debt secured by a purchase-money mortgage and one secured by another kind of mortgage, is now to be created, the reasoning on the facts in *Ganz* v. *Lancaster* (169 N. Y. 357) is in every respect applicable and stamps this transaction as usurious. Our decision in *Church* v. *Maloy* (*supra*) rests upon facts so similar to these at bar, that no distinction in principle is possible.

Appellant's argument is based largely upon the proposition that where there is forbearance of money but no loan there can be no usury and that, since a purchase-money mortgage is not given as security for a loan but merely represents security for a deferred payment, cases of forbearance of money where there is the assumption of a debt other than a debt represented by a purchase-money bond and mortgage and the extension of its payment, have no application. The contention is that in the original transaction, resulting in a purchase-money mortgage contract, are involved no loan and no forbearance; no one borrows and no one desists or refrains from collecting money then due.

Although instances of usury occur more often in loans than in other transactions, a loan, as that term is generally understood, is not a prerequisite of usury. In *Van Schaick* v. *Edwards* (2 Johns. 355, 364), a case involving the validity of notes given for the purchase of land, distinguished judges interpreted a usury statute which forbade excessive interest " for the loan or forbearance of moneys, or other things actually lent or sold." In the opinion rendered by KENT, J., occurs this summary of the law: " Usury is taking more than the law allows, for forbearance of a debt; and whenever a debt is created, and there is an agreement to pay more than legal interest for forbearance of payment of it, such agreement is usurious (1 Ves. Jun. 531; Cowp. 115). If a loan be

necessary to constitute a usurious contract, yet it is not necessary to the creation of a loan, that the money should be paid on one hand, and received on the other; for the circumstance of a man's money remaining in another's hands, in consequence of an agreement for that purpose, will constitute a loan (Cowp. 113). In the cases of *Floyer* v. *Edwards* (Cowp. 112) and of *Spurrier* v. *Mayoss* (1 Ves. Jun. 527) no doubt seems to have been entertained in the court of K. B. or by the commissioners in chancery, but that upon the sale of lands or goods, an agreement reserving excessive interest for forbearance of payment of a debt might be usurious. To make an agreement usurious, it was held necessary only that there should be a debt created, on such sale, and a corrupt agreement, to take illegal interest thereon, for forbearance of payment," (p. 364). Another judge expressed the opinion that " the forbearance, or giving time of payment for a debt, is in substance a loan," (p. 357). A third member of the court assumed that " the statutes of usury extend to cases of forbearance, where there has been no loan," (p. 369). The mortgage which was the subject of litigation in *Church* v. *Maloy* (70 N. Y. 63) was, as the case on appeal discloses, given to secure part payment of the purchase money of the mortgaged premises. Like the one at bar, it was a valid purchase-money mortgage. An agreement for an extension of time, based upon a consideration which included more than the legal rate of interest, was held to be void for usury. No substantial distinction can be discovered between the principle of that case and the one at bar. In *Swartwout* v. *Payne* (19 Johns. 294) a note was given as part consideration for the sale of land. When it became due the parties entered into an agreement whereby the holder forbore the debt and consented, for an excessive consideration, to accept a note of renewal. This second note was void for usury. The principle of *Crippen* v. *Heermance* (9 Paige Ch. 211) is peculiarly germane to the facts before us. A purchaser

of land on installments obtained an extension of time within which to make the final payment. The transaction by which a pretended resale was made was construed as a mere cover for obtaining more than legal interest for the forbearance of a debt.

Appellant's counsel quotes many excerpts from judicial opinions in which the subject of loans is discussed, and cites them as authority for a contrary doctrine. In those opinions, however, and in the actual decisions the emphasis is placed upon loans of money as distinguished from loans of goods. Loans of money and forbearance of money are the things affected by our usury statute. " To excerpt a single sentence from a judicial opinion and construe and interpret it apart from the context of the opinion in which it is found, and without regard to the subject matter under discussion, is not only unreasonable, but, at times, leads to erroneous conclusions." (*Fealey* v. *Bull*, 163 N. Y. 397, 401.) In *Dry Dock Bank* v. *American L. Ins. & T. Co.* (3 N. Y. 344, 354) the court discerned a covert loan of money disguised as an exchange of securities. The only question was whether the transaction constituted a loan of money. The discussion in the opinion extended over a wide range, the general effect of which is that the statutory use of the word " loan " means, of course, a loan of money and not a loan of goods or credit. That part of the statute relating to loans is, in the language of the court, " applicable, only, to those loans, which are in substance and effect, loans of money." The actual decision did not proceed beyond the point of holding that, in the case then before the court, there was in fact a usurious loan of money. Forbearance was not an issue in the case, but the court observed that the terms " interest " and " forbearance " cannot be predicated on any other than a loan of money actual or presumed, thus coming within the doctrine of *Van Schaick* v. *Edwards* (*supra*). In *Meaker* v. *Fiero* (145 N. Y. 165, 170) there was no loan and no forbearance. There was merely a

change of securities which was held as a fact not to amount to a loan of money. Although some statements in the opinion standing by themselves and read without relation to the facts in that case and without reference to other expressions in the opinion, might conceivably lead to an inference of an intent to lay down a rule that usury can never occur in the absence of an actual loan, we feel confident that there could have been no such purpose. The statute was correctly interpreted by this statement: " It is a fundamental principle governing the law of usury that it must be founded on a loan or forbearance of money. If neither of these elements exists, there can be no usury, however unconscionable the contract may be." By necessary implication the existence of either element may form the basis of usury. In *Orvis* v. *Curtiss* (157 N. Y. 657) the opinion restated the rule and adopted some of the observations embraced in parts of the discussion in *Meaker* v. *Fiero*. The facts in the *Orvis* case are such as to demonstrate that there was not only no loan but no forbearance. In a joint venture or partnership for the purchase of stocks one of the adventurers guaranteed the other a certain profit and also guaranteed against loss of capital. Bearing in mind the fact that defendant's argument in the *Orvis* case amounted to an assertion that the advance of capital to the partnership or joint venture by plaintiff was in fact a concealed loan of money, the references to loans necessarily centered around the pivotal point in the case. Since the advance of capital was neither a lending nor a borrowing, there could be no loan. The opinion dealt with the concrete issue before the court and was not intended as a general essay. In *Title Guaranty & Surety Co.* v. *Klein* (178 Fed. Rep. 689) the loan was not one of money but was a loan of government bonds. The language of the opinion must reasonably be read in the light of this fact. The court in applying the law of New York necessarily decided that our usury statute, by the use of the words " interest " and " for-

bearance " refers to money and consequently does not cover a loan of bonds. Interest is not deemed to accrue on a chattel. Interest and forbearance do relate to a money debt originating otherwise than by a loan. *Struthers* v. *Drexel* (122 U. S. 401) is another instance where the absence of a money loan is emphasized. In that case also no question of forbearance was involved. Our recent decision in *Tierney Sons, Inc.*, v. *Bajowski* (258 N. Y. 563) is suggested as an authority for appellant, but an examination of the records of this court proves the contrary. The action was in replevin of a lunch wagon and at the Appellate Division (233 App. Div. 766) the question argued related to the effect of charging excessive interest for extending a payment due under a conditional contract of sale. The published report in this court (*supra*) indicates a decision that the usury statute does not apply to such an extension. The unpublished minutes of this court's proceedings, however, show that no such issue was decided. We affirmed the judgment on the ground that there was no usury in the original contract and that the action in replevin was based thereon. We expressly left open, as unnecessary for a decision on that record, the question whether the bonuses demanded for the extension agreements constitute usury. In the case now before us, the action is not brought on the bond and mortgage, which, like the conditional contract of sale in that case, are valid, but on the extension and guaranty agreements.

The effect of these decisions, from the opinions in which appellant quotes, is certainly not the establishment of a rule that there can be no usury unless there is an actual loan. The authors of the opinions could not have been unmindful of the type of constructive loan which, within the purview of *Van Schaick* v. *Edwards* (*supra*), is presumed to be created by the forbearance of a debt. This thought runs through all the cases. The statute renders void any contract for the " forbearance of any money "

whereby is reserved or taken any sum greater than the legal rate of interest. No statute and no decision by this court have been called to our attention by which forbearance of money must, in order to constitute usury, be preceded by an actual loan. The contrary is true. (*Church* v. *Maloy*, 70 N. Y. 63; *Swarthwout* v. *Payne*, 19 Johns. 294; *Crippen* v. *Heermance*, 9 Paige Ch. 211.) The statute deals not only with loans; it regulates forbearance of money. Either a loan of money or a forbearance of money may be usurious. This is what the statute says. The decisions of this court declare that it means what it says.

The judgment should be affirmed, with costs.

POUND, Ch. J., LEHMAN and CROUCH, JJ., concur; CRANE and HUBBS, JJ., dissent; KELLOGG, J., not voting.

Judgment affirmed.