Frank J. Failing, Plaintiff, *v.* National Bond and Investment Corporation, Defendant.

City Court of Rochester, Civil Branch, July 12, 1938.

*P. Gillette,* for the plaintiff.

*Culley & Corbitt* [*T. Corbitt* of counsel], for the defendant.

*Henry Redman Dutcher, amicus curiæ.*

TOMPKINS, J.  The plaintiff on October 19, 1937, entered into a written contract with Alling & Miles, Inc., a retail auto dealer, to purchase a new Hudson automobile for $1,335.  The plaintiff was to receive an allowance of $610 for his old car, on which he still owed Alling & Miles, Inc., a sum adjusted at $250, to pay $75 in cash. and the balance, which amounted to $900, to be paid at the rate of $40 a month for eleven months and the remainder the twelfth month.  The instrument as executed is a complete and enforcible contract.  The following day the parties executed both a conditional contract of sale whereby the seller retained title of the automobile in question, and also a promissory note for $1,059.15.  The invoice given the plaintiff by the seller contains the item: " Time price differential and insurance," $159.15.  The insurance premium amounted to $55.84, leaving the sum of $103.31 as the " differential," or carrying charge.  It was in fact the interest for one year reserved on the unpaid balance of $900 in the original contract of sale, or about eleven and one-half per cent.

The original contract of sale and the promissory note for $1,059.15 carry interest at the rate of six per cent per annum, with the provision that installments paid on or before maturity may be paid without interest.  Collection fees are also included.

On October 20, 1937, the date of the conditional contract of sale and of the note, Alling & Miles, Inc., assigned for value the same to the defendant herein.  Both documents are made on printed blanks bearing the defendant's name printed thereon.  The conditional contract of sale contains a provision that upon the buyer's default on any monthly payment, the holder of the contract may retake the automobile.  The plaintiff defaulted in the payment of the installment due April 20, 1938, and the defendant on June second seized the automobile without the plaintiff's knowledge or consent.

The plaintiff has brought this action to recover the automobile and for damages for its wrongful taking and detention.  He pleads not only the original contract of sale, but also sets out the conditional contract of sale and asserts it is void for usury.

In pleading the conditional contract of sale, the plaintiff has unnecessarily anticipated the defendant's defense.  His title to the automobile in question is founded on the contract of sale of

October nineteenth. It is the conditional contract of sale which the defendant asserts justified its seizure of the automobile. On its validity the defendant stands.

By the terms of the original enforcible contract of sale there was an unpaid balance of $900. The blank was furnished by the seller, its name being conspicuously printed thereon. It contained this concluding provision: " It is agreed and understood, that there are no understandings or agreements, verbal or in writing respecting this order, except as herein stated." Oral evidence of prior understandings may not be received either to enlarge or vary the plaintiff's obligations created thereby. The conditional contract of sale increased the plaintiff's original obligation to pay $900 in one year in the sum of $103.31, or approximately eleven and one-half per cent. This sum was for the forbearance of plaintiff's debt of $900 for one year. It was usury. The transaction in its essential facts is similar to those in *Universal Credit Co.* v. *Lowell* (166 Misc. 15), recently decided in this court. I reaffirm the decision in that case. It is decisive of this.

Both counsel for the defendant and counsel *amicus curiæ* contend that the court in that case did not correctly interpret the decision of the Court of Appeals in *London* v. *Toney* (263 N. Y. 439), which was the basis for this court's decision in the *Universal Credit Corp.* case. It was the principle announced by the Court of Appeals in the *London* case that this court attempted to apply to the case then before it. We will now restate our understanding of what the Court of Appeals there held and announced.

The plaintiff, London, sued on a bond secured by a mortgage and guaranteed by the defendant in consideration of an extension of its time of payment. In addition to his guaranty, the defendant, Tony, gave the plaintiff notes amounting to $1,500. The answer set up the defense of usury. In sustaining the charge of usury the Court of Appeals decided that an *actual* loan " is not a prerequisite of usury." It held that the " forbearance of any money " where is reserved or taken a sum greater than the legal rate of interest, comes within the condemnation of the usury statute. In the *London* case there was an existing valid mortgage then due, payment of which was extended.

In support of its conclusion the Court of Appeals quoted (p. 442) Judge KENT in *Van Schaick* v. *Edwards* (2 Johns. Cas. 355, 364): " Whenever a debt is created, and there is an agreement to pay more than legal interest for forbearance of payment of it, such agreement is usurious. * * * No doubt seems to have been entertained by the Court of K. B. or by the commissioners in

chancery, but that, upon the sale of lands or goods, an agreement reserving excessive interest for forbearance of payment of a debt might be usurious. To make an agreement usurious, it was held necessary only that there should be a debt created on such sale, and a corrupt agreement, to take a legal interest thereon, for forbearance of payment." In that case notes bearing six and one-half per cent interest given on a sale of land were held to be usurious. In the case at bar the conditional sales contract and the promissory note given by the defendant not only include eleven and one-half per cent interest on the $900 balance of the purchase price, but also the note for $1,059.15 bears interest, provided the installments are not paid when due.

In *Van Schaick* v. *Edwards*, decided 137 years ago, land was sold on credit. In the case at bar an automobile. In the earlier case the interest for forbearance was six and one-half per cent. In this case the price of forbearance is eleven and one-half per cent. Where is there any difference in the principle involved? Does hiding the interest in the nominally increased purchase price, named in the conditional contract of sale, absolve the evasion? It should not.

A contract of sale providing for deferred payments creates a debt presently owing, although not presently due. The purchase price is foreborne from the date of sale until the maturity of the debt. This was the fact in *Van Schaick* v. *Edwards* (*supra*). It was recognized by Chief Justice Lipscomb in *Henry* v. *Thompson* (Ala. Minor, 209, 224), who said: "The words 'the forbearance or giving day of payment' used in the first Statute [1805] but omitted in the last [1818], can be applied as well to an absolute sale as to a loan or use." It was similarly stated by Judge Gardiner in *Dry Dock Bank* v. *American Life Ins. & T. Co.* (3 N. Y. 344, at p. 358): "Upon the sale of property on time, the purchase money becomes a debt which is foreborne for the period limited by the credit." If the amount named in the contract includes any sum as the price of forbearing the cash payment, such sum is interest. Suavely calling it a "differential," or naively describing it as a "carrying" or "financing" charge, neither reduces its amount, nor sweetens its odor. Wherever you find usury you will find a subterfuge of one kind or another. Circumvention is usually resorted to to give color of legality. Usury and ingeniousness are never found cheek by jowl. In an issue of usury, it is the duty of the court to examine the substance of the transaction. (*Bishop* v. *Rider*, 235 App. Div. 736; affd., 261 N. Y. 512.)

The Court of Appeals in the *London* case recognized there are both actual and "constructive" loans. Referring to certain decisions cited by the appellant therein, the court says (p. 446). " The authors of the opinions could not have been unmindful of the type of constructive loan which, within the purview *Van Schaick* v. *Edwards* (*supra*), is presumed to be created by forbearance of a debt. * * * No statute and no decision by this court have been called to our attention by which forbearance of money must, in order to constitute usury, be preceded by an actual loan. The contrary is true."

The contract herein, evidenced by the conditional sales instrument, was not a subterfuge to conceal an actual loan by the seller to the plaintiff. It was a contract for the sale of an automobile on time. Such contracts of sale, providing for deferred payments of the purchase price, have, by a seemingly needless fiction, been held to disclose a "constructive" loan. Their exactions as the condition for the deferred payment of a present debt, operate as a forbearance of that debt within the meaning of the usury statute. When the price of deferring offends, the obligation is void.

In view of the holding of the Court of Appeals in the *London* case, that an actual loan is not a prerequisite of usury, it becomes unnecessary to discuss further the numerous decisions, which, in considering the application of the usury statute, have proceeded on a contrary assumption.

In construing a statute its purpose may not be ignored. Rather, its object should be the polar star of the court, when the course has become obscured by decisions where, manifestly, the port for for the time has been lost. Usury is not the creation of the machine age. Its roots go back to the beginning of civilization. From the earliest recordings of man's derelictions, it has been the subject of scathing denunciation. "If a man * * * hath given forth upon usury, and hath taken increase; shall he then live? he shall not live; * * * he shall truly die." (Ezekiel 18: 5, 13.) Born of avarice, it feeds upon the necessities of the needy. To curb its unquenchable thirst, heavy penalties have been enacted. That it is the necessitous individual whose protection is proclaimed by statute, witness the provision that excludes corporations from the law's guarding shield. (Gen. Bus. Law, § 374.)

If it is the needy individual whose protection usury laws are enacted to guard, is the need of him who borrows that he may buy for cash, greater than he who purchases on credit? Where lies the difference between Brown borrowing $1,000 from Smith for one year, that he may pay him in cash for an automobile, and

Brown buying that same automobile from Smith on a year's credit? Each transaction makes Brown Smith's debtor for the same amount. If Brown's $1,500 note to Smith given to secure payment for the debt resulting from the loan of $1,000 for one year is usurious and void, then how can Brown's same $1,500 note to Smith, given to secure payment of the debt resulting from the sale of the identical $1,000 automobile, sold on a credit of one year, escape like condemnation? Tweedledum and Tweedledee have no place in the law today, which professes to seek the truth; whose aim is justice.

Where the contract for goods sold on credit unmistakably includes in the amount representing the deferred payment price a sum in addition to the uniform or agreed cash price, as forbearance of the cash price, at a greater yearly rate than six per cent, it is usurious. This does not prevent parties, where there is neither a uniform nor an agreed cash price, from fixing the price of an article sold on credit at any sum upon which they may agree. The defense of usury would there fail for lack of proof. Even on a sale for cash, avarice may feast on necessity, unmolested; likewise upon a sale on credit — provided no cash price has been established.

The conditional contract of sale herein, which includes an interest charge of eleven and one-half per cent, masked as a " differential," as the price of forbearing for one year the unpaid purchase price of $900, as fixed in the original contract of sale, is usurious and void. The defendant acquired no rights thereunder as against the automobile purchased by the plaintiff. The note is likewise void as to defendant, even assuming it was a *bona fide* holder. (*Sabine v. Paine*, 223 N. Y. 401.) Its seizure of the automobile was illegal. The plaintiff as against the defendant is entitled to its return. Its value at the time it was unlawfully taken from his possession was $725. The plaintiff is also entitled to damages for its unlawful detention from June 2, 1938, to the date hereof, at five dollars per day, in the sum of $200.

What rights the seller of the automobile may have under the original contract of sale is not before the court. That contract of sale was valid and enforcible. The seller procured the plaintiff to execute the conditional contract of sale, declared herein void for usury. What is the effect upon a valid contract, of replacing it by an illegal and hence a void contract? An interesting question.

Judgment awarding the plaintiff possession of the automobile and fixing its value at $725, if possession is not given, and judgment as damages for the illegal taking and detention of said automobile in the sum of $200.