**FALK v. LEVY et al.**

**No. 159, Docket 21549.**

United States Court of Appeals
Second Circuit.

Argued Feb. 9, 1950.

Decided Feb. 24, 1950.

I. Arthur Rosenberg, New York City (David Haar, New York City, of counsel), for appellant.

Jacob Frummer, Brooklyn, N. Y. (Samuel Hart, Brooklyn, N. Y., of counsel), for trustee-appellee.

Wood, Molloy, France & Tully, New York City (Loren T. Wood, New York City, of counsel), for claimants-appellees.

I. The Referee's findings of fact are as follows:

"1. The bankrupt, a resident of New York from and after 1927 including a period of service in the United States Navy from June, 1942 to July, 1946, filed a voluntary petition in bankruptcy and was adjudicated a bankrupt on February 5, 1948.

"2. Peter H. Falk, a brother of the bankrupt and a resident of Minnesota at all times herein mentioned to the date of his death in February 1935, loaned and advanced to the bankrupt on twenty occasions between October 15, 1923 and October 7, 1929, divers sums of money aggregating $7,850, evidenced by separate non-interest bearing promissory notes made and mailed by the bankrupt in New York to his brother, each payable one year after date at the First National Bank of Garretson, South Dakota, Sherman, South Dakota, being the post office address of the brother.

"3. The amount loaned and advanced prior to March 31, 1927, aggregated $5,300.

"4. In August 1930, no part of the indebtedness having been paid, the brother intended and requested that the bankrupt, then in Minnesota, make and deliver one note for the amount of the debt plus 6% interest compounded and computed from the dates of the existing notes but the bankrupt did not then agree to do so.

"5. On or about January 1, 1931 the bankrupt in New York executed a promissory note bearing that date to his brother for $10,000. payable one year after date with interest at 6% at the First National Bank at Garretson, South Dakota, together with his check for $400. and mailed both instruments to his brother who received and accepted them and returned to the bankrupt eighteen of the previous notes which were all the brother then had.

"6. The aggregate of the note and check given in 1931 was the equivalent of the principal amount of the indebtedness with interest at 6% compounded annually from the dates of the prior notes, and the bankrupt thereby intended to meet the demand of his brother.

"7. The interest on the prior notes from the respective dates of maturity to January 1, 1931 amounted to $1,735. which with the principal of $7,850. aggregated a total debt of $9,585., reduced on that date to $9,185.

"8. Peter H. Falk died, intestate, February 13, 1935 survived by the claimants, his widow and two children, his only heirs at law, and by decree of the Probate Court of Rock County, Minnesota, the bankrupt's note dated January 1, 1931 was assigned to and vested in the claimants.

"9. In January 1932 and again in January 1933 the bankrupt paid to his brother the sum of $600, such amount being the equivalent of interest at 6% for one year upon the note dated January 1, 1931, and in March, 1936 the bankrupt paid to his brother's estate the sum of $300. on the indebtedness evidenced by the 1931 note.

"10. On or about February 1, 1937 the bankrupt made and mailed in New York to the claimant Agnes Falk, widow and administratrix of the decedent's estate, his promissory note for $11,500. payable one year after date with interest at 6% at the First National Bank, Garretson, South Dakota, together with his check payable to said estate in the sum of $877.25 and such check was collected by the administratrix through that bank.

"11. The aggregate of such note and check was the equivalent of the principal sum of the note dated January 1, 1931, with interest at 6% compounded annually from January 1, 1933, less the payment made in March, 1936, and thereafter, between February 9, 1938 and April 28, 1941, the bankrupt paid an aggregate amount of $2,190. on account of the indebtedness evidenced by the note dated February 1, 1937.

"12. The bankrupt is the owner of two insurance policies on his life each payable to a third party beneficiary, one issued by the Metropolitan Life Insurance Company on December 8, 1931, and the other by the Equitable Life Assurance Society on December 20, 1938, and those policies had an aggregate cash surrender value of $5,870.85 at the date of bankruptcy."

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ The district judge correctly held that the notes given in 1931 and 1937 were usurious and therefore void.[2] London v. Toney, 263 N.Y. 439, 189 N.E. 485, 91 A.L.R. 1100; Ganz v. Lancaster, 169 N.Y. 357, 62 N.E. 413, 58 L.R.A. 151.

■ Appellant argues that, even if the 1931 note was void, it was an executory contract of accord. or a new contract, and that, whichever it was, it extinguished the earlier obligation. Winsted Bank v. Webb, 39 N.Y. 325, 330–331, 100 Am.Dec. 435, contains some language which suggests that, perhaps, where parties intend a new note to replace absolutely an old one, the old note may be extinguished beyond the possibility of revival even if it be proved that the new note is usurious and thus void. But the view more strongly and more recently taken by the New York courts is that proof of usury in the new obligation revives the old. Patterson v. Birdsall, 64 N.Y. 294, 297–298, 21 Am.Rep. 609; Matter of Accounting of Consalus, 95 N.Y. 340. Accordingly, the usurious character of the 1931 note did not preclude enforcement of the earlier, valid notes.

■ Nor can we agree with appellant's contention that, if we hold that the new notes were void for usury, then we must hold that the six-year statute of limitations had run on the original debt. For appellant made substantial payments up to April 28, 1941. These payments, although literally made on the new notes, were paid on account of the interest or principal of the debt evidenced by the notes. In re Gordon, 2 Cir., 90 F.2d 583, 585; Matter of Accounting of Consalus, 95 N.Y. 340, 344–345. The statute of limitations, which would, then, have run from April 28, 1941, was tolled while appellant served in the armed forces, from 1942 to 1946. 50 U.S.C.A.Appendix, § 525; N.Y. Military Law, Consol.Law, c. 36, § 308. Accordingly, the debt was still actionable when the claim was filed in the bankruptcy proceedings.

Affirmed.

---

2. The district judge referred in his opinion to "the findings of the referee that the note of January 1, 1931, and that of February 1, 1937, were usurious." Although the referee made no such finding, his findings of fact did compel that legal conclusion. For, all else aside, the 1931 note included a sum of $471, for interest from the date of the earlier notes, whereas legally there was then owing only the interest from the date of the maturity of those earlier notes.