Clare J. Hoyt, J.
Defendant moves for summary judgment, asserting the bar of the three-year Statute of Limitations appli *997 cable to personal injury actions. The accident in suit occurred on January 14, 1964. Defendant was personally served with a summons on March 10, 1967. Although the summons had been forwarded to the Sheriff of Orange County on January 13, 1967 defendant was then a resident of Westchester County and employed in Washington, D. C., so the 60-day tolling provision of CPLR 203 (subd. [b], par. 4) does not apply.
Plaintiff claims that defendant was in the military service at the time of the happening of the accident and for some 20 months thereafter. This contention is not denied by defendant. This issue is whether section 308 of the Military Law (New York’s counterpart to TJ. S. Code, tit. 50, Appendix, § 525, the Federal Soldiers’ and Sailors’ Civil Relief Act) suspends the running of the Statute of Limitations during the time defendant was in the military service. Defendant argues it does not, claiming the statute was enacted solely to benefit servicemen and not third parties who have claims against them. The cases hold contrary.
Squarely on point is Sarheim v. Cooney (66 N. Y. S. 2d 2), denying a motion identical with this one because “ the period of military service shall not be included in computing any period limited for the bringing of any action by or against any person in military service ”. The Court of Appeals and the City Court of New York have expressed the same view in obiter dicta. See Erickson v. Macy (231 N. Y. 86, 92-93) and Robinson v. Five One Five Associates Corp. (180 Misc. 906, 910). The identical provision in Federal law (U. S. Code, tit. 50, Appendix, § 525), which takes precedence over any State rule to the contrary (Erickson v. Macy, supra), has been construed by the Federal courts as tolling the Statute of Limitations during the period a defendant is in the military service (Falk v. Levy, 180 F. 2d 562, 564; Zitomer v. Holdsworth, 178 F. Supp. 504; Bowles v. Dixie Cab Assn., 113 F. Supp. 324).
Finally the authorities relied upon by defendant do not support his view. Matter of Bellini v. Great Amer. Ind. Co. (299 N. Y. 399) simply held that a third person not suing the defendant who was in the military service could not assert the personal rights conferred by section 308 (supra). The court did hold, however, that the person in military service “as a plaintiff, or a person bringing suit against him as a defendant, may claim the protection and benefit of its provisions.” (299 N. Y. 403-404; emphasis supplied.) This statement supports the view expressed in Sarheim v. Cooney (supra) and the Federal cases cited. Lorentz v. Lezette (28 A D 2d 954), a memorandum decision by the Third Department, is cited by defendant since it *998 holds, inter alia, that Special Term decided correctly that defendant ’s absence in the military service did not toll the statute. An. examination of the record on appeal reveals, however, that the statute was not tolled because the defendant was not in the military service at any time after the happening of the accident.
Defendant’s motion is denied.