■ SAL J. PREZIOSO, Respondent, v DANIEL DEMCHUCK, Appellant. (And a Third-Party Action.) [612 NYS2d 232] —In an action to recover money loaned to the defendant pursuant to an agreement, the defendant appeals from an order of the Supreme Court, Westchester County (Braatz, J.), dated March 23, 1993, which, after a nonjury trial, directed the defendant to pay the plaintiff the principal sum of $45,072.22.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, this action to enforce the loan agreement is not barred by the Statute of Limitations. Although the action was commenced more than six years *(see,* CPLR 213 [2]) after the plaintiff had demanded payment of the loan, the Statute of Limitations was tolled during a portion of that period because the defendant was in military service *(see,* Military Law § 308; *Roberts v Schuh,* 55 Misc 2d 996, 997). Excluding the tolled period, the action was timely commenced.

" 'The advantages of the trial court who saw and heard the witnesses should be considered and, when truth hangs upon the credibility of witnesses [its] decision should be given the greatest weight' *(Amend v Hurley,* 293 NY 587, 594; *see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Matter of Fasano v State of New York,* 113 AD2d 885; *Janowitz Bros. Venture v 25-30 120th St. Queens Corp.,* 75 AD2d 203)" *(Mirasola v Gilman,* 163 AD2d 371). The testimony adduced at trial created an issue of fact

with regard to whether the amount of money that the plaintiff furnished to the defendant, his former son-in-law, in the form of a series of checks issued during the relevant period constituted a loan or a gift. Since the trial court's determination that the money in question was a loan is supported by sufficient credible evidence in the record, we decline to disturb it. Also supported by the record is the court's determination that the loan was made to the defendant only and not to the defendant and his former wife, the plaintiff's daughter.

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.